## HORACE B. KELLY

### *vs.*

## THE CLOW REAPER MANUFACTURING COMPANY.

In an action for breach of a verbal warranty by defendant, made during the negotiation for sale of personal property, which plaintiff purchased in reliance on such warranty, it is no objection to the admission of evidence of such warranty, that it appeared that the defendant's agent after the negotiation for the sale and purchase of said property had been completed, gave plaintiff his written warranty thereof.

Where respondent furnishes no brief, and does not argue the case, but submits it " upon the paper book and brief of appellant," this concedes the correctness of a statement in said brief, that respondent's objection to the admission of such evidence, and the ruling of the court below excluding it, were based solely upon an erroneous application of the rule that parol evidence will not be heard to contradict or affect that which is written. Under such circumstances this court will not inquire whether or not any other reason existed upon which such ruling might have been sustained.

This action was brought in the district court for Blue Earth county, to recover damages for a breach of warranty made by defendant upon the sale to plaintiff of a " Clow Reaper." Upon the trial the court instructed the jury to render a verdict of " no cause of action," which verdict was rendered, and judgment was thereupon entered in accordance with such

verdict, and the defendant appeals from such judgment to this court.   The case is fully stated in the opinion.

SEVERANCE & DICKINSON, for Appellant.

WOOLFOLK & BROWN, for Respondent.

*By the Court.*—RIPLEY, CH. J.—It appeared in this case that the plaintiff purchased the machine in question of John F. Meagher, who was admitted by defendant to have been at the time of the sale its general agent for the sale of its machine at Mankato.

It was also admitted by the plaintiff, that after the purchase, and while plaintiff was loading the machine to take it away, Meagher gave him the following paper signed by him, viz.:

### WARRANTY.

The Clow Reaper is warranted to cut, if properly managed, fifteen acres per day of any kind of grain, in a workmanlike manner, with one pair of horses.   The purchaser is allowed to cut one day on trial, and in case anything proves defective, due notice must be given to us or our agent, and time allowed to send a person to put it in order.   If it does not work after this, and the fault is in the machine it will be taken back, or that part of it which proves defective, and will be replaced, or the money paid for it refunded.

J. F. MEAGHER.

Dropper warranted to work satisfactory or return.

J. F. MEAGHER.

This instrument purports to be the obligation of Meagher, not of the defendant.

It being also admitted that it was given after the negotiations for the sale and purchase of said machine had been completed, the plaintiff offered to prove " the execution of an

oral contract of warranty as set forth in the complaint, other than, and different from the written warranty given above, made to plaintiff by the defendant, (through their said agent, John F. Meagher,) during the negotiations for the sale of the machine; and that the plaintiff purchased the machine, relying upon said warranty   [Defendant admits that at the time specified, Meagher was agent of defendant as before admitted."]

Defendant objected on the ground that the proof offered was incompetent and immaterial, and excluded by the above written warranty, and the district court sustained the objection.

It is plain that the proof was not excluded by the written warranty. *Sanborn vs. Sturtevant,* 17 *Minn.* 200. No possible reason can be given why the plaintiff might not take a warranty from both principal and agent, if each saw fit to give a warranty, and that the warranty of the agent was in writing would not affect the admissibility of proof of the oral contract of the principal.

The respondent, by stipulation, submits the case " upon the paper book and brief of appellant," thus conceding the correctness of the statement in said brief, that " the objection of the defendant and ruling of the court are based solely upon the rule that parol evidence will not be heard to contradict or affect that which is written."

Such ruling would be erroneous. Without considering whether or not [respondent furnishing no points and authorities nor arguing the case,] the judgment might not be reversed under rule 14, it is certainly not our duty to inquire *for the respondent* as to whether or not any other reason existed upon which such ruling might have been sustained.

The judgment appealed from must be reversed and a new trial granted for the error in law specified.