John Lloyd, Plaintiff in error, *v.* George S. Hough.

The action of assumpsit for the use and occupation of lands and houses, existed in Virginia anterior to the cession of the District of Columbia to the United States.

But this action is founded upon contract, either express or implied, and will not lie where the possession has been acquired and maintained under a different or adverse title, or where it was tortious-and makes the holder a trespasser.

This case was brought up, by writ-of error, from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Alexandria..

The facts in the case, and bills of exceptions, are stated in the opinion of the court, to which the reader is referred.

*Semmes,* for the plaintiff in error.

*Neale,* for the defendant.

*Semmes,* for the plaintiff, raised the following points.

First bill of exceptions.—There was error in the opinion and instructions of the court.

1. Because the instruction was not given upon the whole of the evidence of the witness, Isaac Robbins, but upon only part, which he gave upon cross-examination by the defendant in error.

2. Because the court allowed parol evidence of title to real estate to go to the jury.

3. Because in the opinion and instruction they gave on this portion of the evidence, the court directed the jury, if they believed the testimony therein stated, they "must" find for the defendant.

Second bill of exception.—The court ought to have instructed the jury, that if they believed the evidence therein stated to be true, the plaintiff, being the fee simple owner of the tenement, could recover on the implied contract as stated in the second count of the declaration, without any proof of an actual entry into the premises on the part of the plaintiff, or acknowledgment on the part of the defendant that he considered the plaintiff his landlord, or without any proof that the defendant had actual notice of the legal and fee simple title of the plaintiff to the premises.

Vol. I.—20

Third bill of exception.—Evidence ought to have been admitted to show the notoriety of Lloyd's claim and title, tending, with other circumstances, to bring the knowledge of it home to the defendant.

Fourth bill—governed by same principles as second.

On the right of the jury to weigh evidence, he cited Greenleaf, p. 292, 445, 446, 568; 1 Call, 161; 2 Mod. 478.

That an action will lie on an implied promise, 16 East, 104; 1 Levins, 179; 2 Campb. 18; 1 Campb. 466. Debt lies for use and occupation, 6 T. R. 62; 4 Day, 228.

*Neale,* for the defendant, cited several authorities to show that interest could not be recovered upon rent in arrear; and to prove that this action would not lie where there was no privity of contract, cited 1 Esp. 57, 59, 61; 2 Nott and McCord, 156; 3 Serg. and Rawle, 500; 6 Conn. Rep. 1; Chitty on Contracts, (3d Am. ed. by Troubat,) 106; 2 Tuck. Com. book 3, c. 1, p. 19, 20; 2 Campb. 11, 12; 1 Campb. 466; Buller N. P. 139.

As to the court directing the jury they must find for the defendant, 5 Peters, 197; 14 Peters, 327; 1 Cranch, 300; 4 Cranch, 71; 4 Leigh, 114; 1 Wash. 5, 6; 5 Rand. 145, 194.

Mr. Justice DANIEL delivered the opinion of the court.

This cause is brought before this court upon a writ of error to the Circuit Court of the United States for the District of Columbia. The questions for consideration here, arise upon the following statement. The plaintiff in error instituted in the Circuit Court for the District of Columbia, an action of *assumpsit* against the defendant for the use and occupation of a house in the town of Alexandria. The declaration contains two counts; the first declaring upon an express agreement between the parties for the occupation and rent, and the second counting upon an occupation by the defendant by the permission of the plaintiff, and upon a promise in consideration thereof. The account filed with the declaration claims an annual rent of $175, from the 1st of January, 1826, to the 1st of January, 1839, inclusive, with interest after the expiration of each year. Upon the above declaration, there was a judgment by default, and a jury being empannelled upon a writ of inquiry assessed damages against the defendant to the

full amount of the plaintiff's demand for rent and interest. This verdict the court on motion of the defendant set aside; annexing to its order the condition, that the defendant should not plead the statute of limitations; and issue being joined between the parties on the plea of *non-assumpsit*, a jury sworn to try that issue on the 10th of May, 1841, returned a verdict for the defendant; and thereupon the court gave judgment against the plaintiff with costs.

At the trial instructions to the jury were prayed on behalf both of plaintiff and defendant, and exceptions taken to the rulings of the court in reference to those instructions.

The first bill of exceptions states that the defendant, having offered to prove by competent and credible witnesses that during the entire period of his occupation of the premises, he had remaining thereon property sufficient to answer the rent, had the plaintiff chosen to distrain or sue for the same; he thereupon prayed the court to instruct the jury, should they believe from the evidence, that there had always been upon the premises, while occupied by the defendant, property and effects of his sufficient to have satisfied the rent, then that the plaintiff. failing or neglecting to sue or distrain for those rents, was not entitled in this action to recover interest on the rent in arrear whatever it might be, from a period earlier than the date of the writ sued out in this cause. But the court refused the instructions so prayed for, to which refusal the defendant excepted.

In the second bill of exceptions it is stated that the defendant, by cross-examination of Isaac Robbins, the plaintiff's witness, proved that in the spring of 1820, defendant entered the premises as tenant, from year to year, under a parol demise from said Robbins as trustee of John Swayne, an insolvent debtor, and at the annual rent of $175, and continued to occupy the premises under said demise, paying the rent as it became due to Robbins, as trustee of Swayne, till the spring of 1824. That Robbins, in character of trustee of Swayne, paid a portion of the rents collected of the defendant to A. C. Cazenove, and a part of them to the plaintiff, but without the knowledge of the defendant: that since the spring of 1824, the defendant had paid no rent to Robbins, assigning as a reason for refusing to pay, that the collector of the port of Alexandria had forbidden such payment: that the

defendant was still the occupant of the premises of which the plaintiff in this cause had never, to his knowledge, taken actual possession : that Robbins resided in Alexandria and had so resided for the last thirty-seven years: that the defendant also read in evidence a deed from Jonathan Scholfield and wife, to A. C. Cazenove, bearing date on the 13th of June, 1814, and duly recorded in Alexandria county, which deed (made a part of the exceptions) conveyed the premises occupied by the defendant. That upon these proofs the defendant prayed the court to instruct the jury, should they believe that the defendant originally entered, and used and occupied the premises by a parol demise thereof from Robbins, as trustee of Swayne, in 1820, and, as tenant of Robbins, paid him the rent until 1824, after which period Robbins ceased to collect the rent for the reason above stated, although the defendant continued to use and occupy the premises from 1824, and still occupied them; and that the defendant did not hold and occupy the premises either under a written or parol demise from the plaintiff prior or subsequently to his holding under Robbins, or prior to the institution of this suit, but that the defendant held and occupied the premises exclusively under the original parol demise from Robbins as trustee as aforesaid, and that the defendant had no notice of any title in the plaintiff to the premises beyond what might be presumed from the fact then shown in evidence, that a deed had been made for the premises from Robert I. Taylor to the plaintiff and had been admitted to record, that then the jury must find for the defendant, which instruction the court accordingly gave, and the plaintiff excepted.

By the third bill of exceptions it is recited in substance that the plaintiff having offered in evidence a deed to him for the premises, dated March the 10th, 1817, from Robert I. Taylor, trustee in a deed from Jonathan Scholfield and wife, conveying the same property to said Taylor on the 26th of June, 1814, (both which deeds are parts of this exception,) and having farther proved by Isaac Robbins that from the year 1820 to the year 1824, the defendant used and occupied the premises in the declaration mentioued under a verbal renting from Robbins, claiming as trustee of Swayne under the insolvent law, and that said renting by Robbins was without the knowledge or consent of the plaintiff,

(no title having been shown by the defendant in Swayne or in Robbins claiming as his trustee under the insolvent law,) and that Robbins collected the rent of the premises from 1820 to 1824 inclusive, claiming as lessor of the defendant, and as trustee of Swayne; that he had paid over a portion of the rent thus collected to A. C. Cazenove, and a portion of it to the plaintiff, who was the owner of the fee simple under the deed from Taylor, of March the 10th, 1817; the witness not knowing whether the defendant knew of the disposition so made of the rent collected of him, and that he, Robbins, had not claimed rent for the premises from the defendant since April, 1824, having been informed that defendant had been forbidden by the collector of the customs of the port of Alexandria, to pay rent to any one, other than the United States, and not having shown that the defendant had, at any time, paid rent either to the collector or the United States.

Whereupon, the plaintiff prayed the court to instruct the jury, should they believe the evidence aforesaid, that then the plaintiff had made out such a case as entitled him to recover on the second count, for the use and occupation of the premises, for such time as the plaintiff should prove that the defendant had used and occupied the same, after the 15th day of April, 1824, by permission of the plaintiff. This instruction the court also refused to give, being of opinion that from the evidence so stated, it was not competent for the jury to infer that such occupation by the defendant was by the permission of the plaintiff, to which opinion and refusal the plaintiff excepted.

Fourth bill of exceptions.—The plaintiff offered to prove that the claim of the plaintiff to the premises, for the rent of which this suit was instituted, was a subject of general notoriety in the neighbourhood about the year 1820 and since, which being objected, the counsel for the plaintiff insisted he had a right to ask the question objected to, it being introductory to another question designed to bring home to the defendant knowledge of the fact, that the plaintiff claimed the premises used and occupied by the defendant during the time he so used and occupied them. The court refused to permit the question, to which refusal the plaintiff excepted.

By the fifth and last bill of exceptions it appears that the plaintiff moved the following instructions: That if the jury should be-

O

lieve from the evidence stated in the preceding bills of exception in this cause, that there was a deed from Jonathan Scholfield and wife (said Scholfield being admitted to have been at the time seised of a legal estate in fee of the premises) to Robert I. Taylor, which deed conveyed the fee in the premises, for the use and occupation whereof this suit was brought, and if the jury should further believe that Taylor by a deed, subsequent thereto, and set out in the plaintiff's second bill of exceptions, conveyed the said premises to the plaintiff and his heirs, then, by the legal operation of the deed from Taylor to the plaintiff, there was such a possession transferred to the use thereby limited and conveyed, as dispensed with proof on the part of the plaintiff, that he had actual entry on, and possession of, the premises; and that the said deed gave to the plaintiff such a legal title thereto, and possession thereof, as could not be divested by a leasing of said premises to the defendant by Isaac Robbins, a stranger, so as to deprive the plaintiff of his remedy against the defendant, tenant of the premises, occupying and using them, though originally leased to him by said Robbins without the plaintiff's consent; which instruction the court refused to give, and the plaintiff excepted.

Although it has been deemed necessary to an accurate description and correct understanding of the points in the case, to state the several bills of exception in the record, yet it is obvious that the four bills sealed at the instance of the plaintiff, and making the second, third, fourth, and fifth in the order of the proceedings, may be embraced within the same view, as they all relate to the establishment of one and the same conclusion, viz., the necessity of establishing an agreement either express or implied by law, for the payment of rent by the defendant to the plaintiff.

In the argument of this cause, the counsel for the plaintiff has supposed himself called on to anticipate an objection to the remedy by action of *assumpsit*, for use and occupation of lands and houses, as not having existed in Virginia anterior to the cession of the District of Columbia to the federal government. Such an objection is regarded without just foundation, this remedy having been declared by the Supreme Court of Virginia to be always a part of the jurisprudence of that state, and having been likewise recognised in her legislation, not as a remedy created by statute, but as one enlarged and favoured, by making it a transitory in-

stead of a local action. Vid. Sutton *v.* Mandeville, 1 Munf. 407; Eppes *v.* Cole, 4 Hen. and Munf. 161; Sessions Acts, February, 1816, c. 15, s. 6; Tate's Dig. 465, s. 28.

But whenever the action of *assumpsit* for use and occupation has been allowed, it has been founded and would seem necessarily to be founded upon contract either express or implied. The very term *assumpsit* presupposes a contract. Whatever, then, excludes all idea of a contract, excludes, at the same time, a remedy which can spring from contract only, which affirms it, and seeks its enforcement. To maintain the action for use and occupation, therefore, there must be established the relation of landlord and tenant, a holding by the defendant under a knowledge of the plaintiff's title or claim, and under circumstances which amount to an acknowledgment of, or acquiescence in, such title or claim, and an agreement or permission on the part of the plaintiff. The action will not lie where the possession has been acquired and maintained under a different or adverse title, or where it was tortious, and makes the holder a trespasser.

In Birch *v.* Wright, 1 T. R. 387, Buller, Justice, declares " that the action for use and occupation is founded in contract, and unless this be a contract express or implied, the action could not be maintained, as was held by Lord Mansfield in the case cited at the bar, of Carmur *v.* Mercer, which was tried about two years ago." The same principle is ruled in Smith *v.* Stewart, 6 Johns. 46. In the case of Henwood *v.* Cheeseman, 3 Serg. and Rawle, 500, it is said by the Supreme Court of Pennsylvania, "If the defendant occupied land by consent and permission of the plaintiff, the jury may presume a promise to pay a reasonable rent;" again, "the action for use and occupation is founded on privity of contract, not on privity of estate." In 2 Nott and McCord's Reports, 156, in the case of Ryan *v.* Marsh, the law is thus laid down: "It was argued that a contract might be implied, and certainly as long as the character of the act done by the defendant was doubtful, a contract might be implied; but when it is admitted that the possession was tortious, every characteristic of contract was excluded. No action for use and occupation will lie, when possession has been adverse and tortious, for such excludes the idea of a contract, which, in all cases of this action, must be express or implied."

Authorities upon this point might doubtless be multiplied. We will add two others to those already cited, viz. the cases of Stockett *v.* Watkins's administrators, 2 Harr. and Johns. 326; the opinion of the court on pp. 338, 339; and of Stoddert *v.* Newman, 7 Harr. and Johns. 251. The principles ruled in the authorities above referred to, appear to be strictly applicable to the case under consideration, and decisive of its fate. Upon an examination of the testimony, introduced by the plaintiffs, as set forth in his four bills of exception, it cannot fail to be perceived, that it imports throughout no proof of a contract between the plaintiff and defendant, of a holding by the latter under the former, of any acquiescence in, or knowledge of title in the plaintiff or of permission by him for the occupation of the defendant. So far from establishing these requisites for sustaining the plaintiff's demand, it excludes each and all of them. This evidence proves beyond dispute, a possession and holding by the defendant under an agreement with Robbins, as trustee of Swayne, an insolvent debtor; payment of rent to this trustee in pursuance of such agreement, until a claim was interposed on behalf of the United States, as creditors of the insolvent debtor; it further proves a failure or forbearance by the plaintiff to assert any interest or right to the subject, anterior to the year 1839, about the time of the institution of the plaintiff's action, and so far as a negative is capable of proof, a total ignorance on the part of the defendant of any right of the plaintiff, either to the rents or to the subject from which they were to issue. Upon the above view of the evidence as disclosed in the second, third, fourth, and fifth bills of exceptions, we hold the opinion of the Circuit Court to be correct; it is therefore affirmed.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Alexandria, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Supreme Court in this cause be and the same is hereby affirmed, with costs.