## SUPREME COURT.

GEORGE W. SHERMAN agt. ASAPH W. C. GREGORY, & IRA GREGORY.

*No affidavit of merits* is required in support of a motion by defendants to change the place of trial to the proper county, (*i. e.*,) to a county in which some party to the action resides, under the Code, sections 123-126, (*the form and note (g) in 2 Abbott's Pr. and Pl.* 245, *erroneous.*)

In a joint action against maker and indorser of promissory note, either defendant alone may demand and have the place of trial changed to the proper county as to himself without the other's consent, the same as if he had been separately sued (*Legg* agt. *Dorsheim*, 19 *Wend.*, 700, *no longer applicable since chapter* 282, *laws of* 1841.)

Though only one defendant serves a written demand, that the place of trial be changed to the proper county it may be changed as to all the defendants, if all join in the motion.

*Niagara Special Term, March*, 1, 1872.

MOTION by defendants to change the place of trial to the proper county, to wit, from Erie to Niagara.

The moving papers show, that the county of Erie is designated in the complaint as the place of trial; that both defendants reside in the county of Niagara, and the plaintiff in the county of Livingston, and that plaintiff's attorney resides in Buffalo, and defendants' attorneys in Lockport.

The summons and complaint were served on the 1st day of February, 1872. The defendant Asaph W. C. Gregory, was sued as maker, and the other defendant as indorser of a negotiable promissory note.

On the 14th day of February, the defendant Ira Gregory, served by mail on the plaintiff's attorney a demand in writing, that the place of trial be changed from Erie to Niagara county, the latter county being stated in the demand to be

the county in which both defendants resided, and it being also stated therein, that the plaintiff did not reside in Erie county. With the written demand which contained a notice of retainer for the defendant Ira Gregory, his attorneys sent inclosed a stipulation for such change, with a request, that plaintiff's attorney would sign and return it.

On the 16th of February the attorneys of Ira Gregory, received a letter from plaintiff's attorney acknowledging the receipt of the demand, but declining to stipulate for a change of the place of trial.

In opposition to the motion, the plaintiff's attorney presents his affidavit, that the envelope containing the written demand and blank stipulation to change the place of trial, was delivered to him in Buffalo, by a letter carrier; that said envelope, which was annexed to his affidavit was marked "due 3," and three cents claimed by the carrier as deficient postage thereon, which he paid. Three cents postage had been paid on the letter and the proper stamp for that amount on the envelope attached to the affidavit, was canceled in the usual way. The affidavit then continues as follows: "That deponent has never received any demand for the change of the place of trial of this action other or different than above set forth, and that no demand for the change of the place of trial has ever been served on deponent according to law, nor has deponent in any way admitted any service of any demand for the change of the place of trial of this action. Deponent further says, that this action is brought upon a promissory note, that from the facts and circumstances in this case of which deponent was informed by the plaintiff herein, deponent verily believes, that both of the answers of the defendants are simply served for delay, and that the defendants nor either of them have any defense upon the merits; and neither of them have ever made any affidavit of merits to the knowledge of this deponent."

The moving papers do not state whether any answer had

been put in. The defendant A. W. C. Gregory made an affidavit, used for the motion, in relation to the residence of the parties, but it contained no affidavit of merits. The affidavit of one of defendant's attorneys closes with these words, " and deponent further says, that from the statements made to him by both defendants, he believes they have each and both a good and substantial defense in said action upon the merits," and nothing further is contained in the moving papers relating to an affidavit of merits. The defendant Ira Gregory made no affidavit.

The only objection that the plaintiff's attorney has ever made to the irregular service of the demand for a change of the place of trial, on account of deficient payment of postage, is that contained in his affidavit read in opposition to this motion.

GEORGE WING *and* D. MILLAR, *oppose the motion.*

1. There is no service, such as the practice requires, of a demand to change the place of trial. Without payment of full postage the service is void.

2. Neither defendant has made an affidavit of merits. This is indispensable (4 *How.*, 86.)

3. The application will not be granted on motion of one defendant, where both are sued, one as maker and the other as indorser of a promissory note (19 *Wend.*, 700; 6 *Wend.*, 508.)

4. A. W. C. Gregory, has never demanded a change of the place of trial.

J. H. *and* J. L. BUCK, *for the motion.*

1. The demand of one defendant is sufficient for both, to change the place of trial.

2. The affidavit of defendant's attorney is as good as an affidavit of merits.

3. No affidavit of merits is required upon a motion to change the place of trial to the proper county.

LAMONT, J.—The contract of maker and of indorser of a promissory note, is not joint, but several, although the Code (*sec.* 120,) allows both to be sued in the same action at the option of the plaintiff. This form of action with such joinder of defendants, was authorized by the laws of 1832, chapter 276; and afterwards, by chapter 282, of the laws of 1841, it was allowed to a party thus sued to apply to the supreme court for such order or relief as he would be entitled to, if he had been separately sued in the action, and the court was authorized in their discretion to grant to such party applying the like order or relief, that by the rules and practice of the court, would be granted to such party if separately sued.

The defendant Ira Gregory, the indorser, if he had been sued separately, would be entitled to a change of the place of trial, in this case, provided he made the written demand therefor before his time for answering expired (*Code,* §§ 125, 126.)

The *objection* first heard on this motion, that the service of such demand was a nullity, because the plaintiff's attorney paid the letter carrier three cents deficient postage when he received the package, comes too late. If the attorney intended to rely on that irregularity, he should have refused to receive the letter (*Anon.* 19 *Wend.,* 87; 1 *Hill,* 217; *Bross* agt. *Nicholson,* 1 *How.,* 158; *Wood* agt. *Hartshorn,* 2 *How.,* 71,) or returned the papers with notice of the objection (*Van Benthuysen* agt. *Lyle,* 8 *How.,* 312; *Georgia Lumber Co.* agt. *Strong,* 3 *How.,* 246; *Knickerbocker* agt. *Loucks,* 3 *How.,* 64,) or, at least, he should have notified the defendant's attorneys, that he should disregard the service, for the specific reason now insisted on (*Cortland Co. Mut. Ins. Co.* agt. *Lathrop,* 2 *How.,* 146.)

By retaining the papers, and writing to the defendant's attorneys, that he had received the demand and declining to

consent to change the place of trial, without mentioning the alleged irregularity, he has waived it.

Therefore, the defendant, Ira Gregory, having made the demand in time, is entitled to have the place of trial changed as to himself, under the act of 1841 (*supra,*) unless debarred by the want of a sufficient affidavit of merits. The case of *Legg* agt. *Dorsheim,* (19 *Wend.,* 700,) was decided before the act of 1841, was passed, and probably led to the passage of that statute (*Britton* agt. *Peabody,* 4 *Hill,* 63, note 2 ) At all events, that decision is no longer applicable to cases like the present. The general rule is, undoubtedly, in other cases than actions against parties severally liable on bills of exchange and promissory notes, that all defendants must join in the application except such as have not been served with process, and such as have suffered default (*Sailly* agt. *Cleaveland,* 6. *Wend.,* 508 ; *Chace* agt. *Benham,* 12 *Wend.,* 200 ; *New Jersey Zinc Co.* agt. *Blood,* 8 *Abb.,* 147,) or else a good reason must be shown, why all do not join (*Welling* agt. *Sweet,* 1 *How.,* 156,) and on the motion by one of several defendants to have the place of trial changed to the proper county, notice of the motion must be given to the defendants who do not move, unless the moving defendant obtains the consent of the others to the change ; and the court will order the motion to stand over, in order that notice thereof may be given to the co-defendants, or their consent obtained (*Mairs* agt. *Remsen,* 3 *Code Rep.,* 138.) In the present case, the defendant who did not make the demand joins in the application as a moving party. The order must be granted, therefore, as to both defendants unless the objection of the want of an affidavit of merits is fatal. The affidavit of merits made by defendant's attorney must be rejected for the reason that no excuse is given for its not being made by the defendants.

In vol. 2, 245, (*note g*) of Messrs. Abbotts' valuable collection of forms of practice and pleadings, it is said, that an affidavit of merits is necessary to support this class of motions, by virtue of section 46 of the judiciary act of 1847,

which section is there stated to be still in force, citing *Lynch* agt. *Mosher*, (4 *How.*, 86, *Laws of* 1847, *chap.* 280,) and the forms of affidavit contained in that compilation, on which to base the motion, includes an affidavit of merits. But these usually accurate authors, were laboring under a mistake, for that section of the judiciary act was, in terms, repealed by section 17, chapter 470, of the same year and has never been re-enacted. By the latter statute, the venue in transitory actions, was restored, to about the same condition as in the Revised Statutes (*vol.* 2, 409,) and the residence of the parties disregarded in laying the venue. The case of *Lynch* agt. *Mosher*, (*supra*,) was a motion to change the place of trial for the convenience of witnesses, and in remarking upon section 46 of the judiciary act, the learned justice says, that under the Code, instead of the service of an affidavit of merits and notice of motion to change the venue, the defendant must, before the time to plead expires, demand in writing that the trial be had in the proper county, that is, a county where a party resides. Although this remark was *obiter*, yet it shows the opinion of the judge, that no affidavit of merits was required under the Code, for motions of this character.

Neither the Code, nor the rules of this court, in terms exact an affidavit of merits in order to change the place of trial to the proper county, that is, to a county where some of the parties reside. Since the legislature has abolished the affidavit of merits, in such cases, and neither subsequent legislation nor the rules of court hav e restored it, I think the substitute of another demand for such change, is all that can now be required.

In the note subjoined to the case of *Wood* agt. *Hollister*, (3 *Abb.*, 16,) and in *Hubbard,* agt. *The National Protection Ins. Co.*, (11 *How.*, 149), it is laid down, that the change of the place of trial to a county where a party resides, is a matter of right, with the defendant ; and in the latter case, it is said, that the defendants being in default for not answer-

Sherman agt. Gregory.

ing, is no objection to the motion; that the motion may be made before issue joined, or at any time thereafter before trial, or before judgment, if no trial is had. The plaintiff is in no fault for laying the place of trial in the wrong county, and on demand made, should have changed it either by an amendment of the complaint or giving the stipulation, or applying to the court for an order. The motion is granted with ten dollars costs.