MARTHA A. ESPY, RESPONDENT, *v.* JAMES D. FENTON, APPELLANT.

USE AND OCCUPATION—RELATION OF LANDLORD AND TENANT MUST BE SHOWN. In an action for the use and occupation of land, a contract, express or implied, creating the relation of landlord and tenant, must be shown; where such relation does not exist, the possession is hostile, and the owner's remedy is by ejectment and for damages.

INSTRUCTIONS—MUST CONFORM TO THE ISSUES.—The court may refuse to give an instruction which is not applicable to the case presented by the party asking it.

APPEAL from Yamhill County.

This is an action by the respondent, a married woman, to recover five hundred dollars for the use and occupation of a farm owned by her in her own right, which farm, it is alleged in the complaint, appellant occupied with the permission of the respondent, and with the knowledge that it was her separate property.

The allegations in the complaint are denied in the answer, and for a separate answer, appellant alleges that he leased the premises in question, by an express contract in writing, from John H. Espy, the respondent's husband, executed on the part of said Espy by one Snow, who was the attorney in fact of both John H. Espy and Martha A., with authority to execute such lease on the part of both. The answer further alleges that before, at, and after the execution of such lease, Martha A. permitted John H. to rent the farm and receive the rents and profits thereof to his own use; that on the 16th of October, 1874, appellant paid, upon an execution against John H. Espy, in proceedings of garnishment against appellant, the sum of two hundred and sixty-one dollars and sixty cents, out of money due on the said contract of leasing.

The cause was tried before a jury, and a verdict and judgment had against appellant for three hundred and fifty dollars and seventy-five cents, from which judgment this appeal is taken.

The errors relied upon in the appeal, and other facts, are stated in the opinion of the Court.

*R. P. Boise, H. Hurley and W. D. Fenton,* for Appellant.

*Ramsey & McCain,* for Respondent.

By the Court, Prim, J.:

This is an action in the nature of assumpsit, for the use and occupation of a certain farm owned by plaintiff in her own right.

In order to maintain this action, a contract either express or implied must be shown, creating the relation of landlord and tenant between the parties; and the pleadings in the case, as well as the instructions, appear to be based upon this theory. It appears, however, that the defendant took exceptions to the instructions on this point. We have examined these instructions, and when considered together as a whole, they are to the effect that, although no express contract may have been entered into between the parties to this action, creating the relation of landlord and tenant, such relation might be implied or inferred from the facts and circumstances surrounding the parties. The objection taken to these instructions, we think, was not well taken, and was properly overruled by the court.

The defendant, by his counsel, asked the court to give the following instruction: "If the defendant entered as the tenant of another, the real owner (not the tenant's landlord) cannot maintain assumpsit, but must sue in ejectment and for damages." The instruction having been refused by the court, the ruling was excepted to by defendant.

By this instruction, the court was asked in effect to instruct the jury, that if defendant went into possession as the tenant of the husband, the plaintiff, although the real owner of the premises leased, could not maintain this form of action, but would be compelled to sue in ejectment and for damages. The instruction is based upon the theory that defendant, having gone into possession of the premises in question under a lease from the husband, such possession should be treated as hostile and adverse to that of plaintiff, and therefore precludes the existence of any such relation as landlord and tenant. As has already been

stated, this action cannot be maintained unless that relation can be shown to exist either expressly or by implication. If defendant had based his answer upon this theory, the instruction asked would have been applicable, and should have been given; but upon an examination of the answer, it will be seen that the theory adopted is directly the reverse of the one involved in the instruction. The theory adopted is, that plaintiff, being the owner of the premises in her own right, could either rent them herself independently of her husband, or authorize him to rent them for his own use and benefit, and that plaintiff, having adopted the latter course, and defendant having paid the rent under such an arrangement, she could not ignore what her husband had done under her authority and by her permission, and compel defendant to pay the rent directly to her. This was the defense tendered in the answer of defendant, and inasmuch as it is wholly inconsistent with the theory that the possession of defendant was adverse and hostile to the title of plaintiff, it would have been error in the court to have given the instruction asked for.

The court instructed the jury as follows: "If a party should enter wrongfully into the possession of the lands of another, the owner might waive the tort and maintain assumpsit for the reasonable value of the use and occupation, if the real owner acquiesced in the possession."

Upon this question there appears to be a conflict of authority; but we do not deem it necessary to pass upon the question in this case. If the instruction does not contain a correct statement of the law, we are unable to see how it could have operated to the injury of defendant. It was a mere statement of a hypothetical case, not applicable to any state of facts developed in the case, and could not have misled the jury.

There being no substantial error in the record, the judgment is affirmed.