### SCHRADSKY v. STIMSON.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1896.)

No. 732.

1. ACTION OF TRESPASS—COMPLAINT.
    A complaint, in an action of trespass for the recovery of mesne profits, need not show that the relation of landlord and tenant existed between the parties, as in an action for use and occupation.

2. APPEAL—OBJECTION NOT RAISED BELOW.
    An objection to a judgment on the ground of alleged variance between the proof and the complaint is not open to consideration on appeal when it was not raised or considered by the trial court.

3. SAME.
    The circuit courts of appeals may refuse to notice alleged errors respecting the admission of testimony or exclusion of questions, when the testimony admitted and the questions excluded are not set out in the assignment of errors, as rule 11 (11 C. C. A. cii.; 47 Fed. vi.) of this court requires.

4. EXPERT TESTIMONY—RENTS OF REAL ESTATE.
    A witness testified as an expert that the rental value of certain property was $300 per month. On cross-examination he was asked the prices at which

similar properties in the same locality·rented for, which question was excluded. *Held*, that there was no material error, as it did not appear that his estimate was based upon information regarding the value of such other property.

5. SAME—COLLATERAL ISSUES.

A real-estate agent, who testified that the monthly value of a building was $300, was asked what rents were collected by him for other stores in the same locality, and the court sustained an objection to the question. *Held*, that the evidence was properly excluded, as having no necessary tendency to establish the reasonable rental value of the building in controversy, and as tending to burden the case with collateral issues.

In Error to the Circuit Court of the United States for the District of Colorado.

Frederic J. Stimson, the defendant in error, filed a complaint against Hyman Schradsky, the plaintiff in error, in the circuit court of the United States for the district of Colorado, which complaint, omitting the caption thereof, and the jurisdictional averments, which were in due form, was as follows:

"That on, to wit, the 3d day of April, A. D. 1894, this plaintiff was, and ever since said date has been, and now is, the sole owner and entitled to the possession of the following described property, situate in the city of Denver, county of Arapahoe, in said state of Colorado, to wit: The front eighty-two and one-half (82½) feet of lots numbered seventeen and eighteen (17 and 18), and the westerly or southerly one-half (½) of lot numbered nineteen (19), in block numbered forty-six (46), East Denver, together with that certain structure or building located thereon commonly known and described as the 'Pioneer Block,' and together with all appurtenances and hereditaments thereunto belonging or appertaining. That on, to wit, the said 3d day of April, A. D. 1894, in the county and state aforesaid, the said defendant, wrongfully and against the will of this plaintiff, entered the said premises, and took possession of that portion of said premises known as the ground or main floor of the said building, for his own use, benefit, and profit, and retained possession thereof to the exclusion of this plaintiff, from, to wit, the said 3d day of April, A. D. 1894, up to and until the 17th day of November, A. D. 1894; and that during that and all of said period of time the said defendant wrongfully excluded this plaintiff from the use and profits of said building, and took, received, and retained the same, to the benefit and advantage of him, the said defendant; whereby, during all the time aforesaid, this plaintiff lost the issues and profits of said premises, and was deprived of the use of the same; and that this plaintiff necessarily incurred divers expenses in and about recovering possession of the said premises. That, although requested so to do, the said defendant has not paid the said sum of money, or any part thereof, to the damage of this plaintiff in the sum of thirty-five hundred dollars ($3,500.00). Wherefore plaintiff demands judgment against the said defendant for the sum of thirty-five hundred dollars ($3,500.00), together with interest thereon according to law, and for the costs of this action."

The plaintiff below recovered a judgment in the sum of $1,680, in accordance with a verdict for that amount which was rendered by the jury. The case was brought to this court by the defendant below on a writ of error.

Alfred Muller, for plaintiff in error.

Henry T. Rogers, Lucius M. Cuthbert, and D. B. Ellis, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The defendant below, who is the plaintiff in error here, objects to the judgment which was rendered by the trial court, in the first place, because the complaint which was filed in the circuit court did not state a cause of action; and, in the second place, because of

an alleged variance between the proof and the allegations of the complaint. But neither of these objections to the judgment is well founded. The complaint did not state, and evidently was not intended to state, a cause of action for the use and occupation of the premises in question; but it did state a good, and sufficient cause of action in trespass for mesne profits. It was not necessary, therefore, for the complaint to show, as counsel for the plaintiff in error now contends, that the relation of landlord and tenant existed between the parties to the suit, and the complaint was not defective because it failed to show that relation. The damages recoverable in an action of trespass for mesne profits are usually the same as those which may be recovered in an action for use and occupation, but the two actions are essentially different in this respect: that the former grows out of a wrongful entry upon premises and an unlawful holding of the possession thereof, where the relation of landlord and tenant does not exist, while the latter action depends upon the existence of that relation, and is brought to enforce either an express or implied promise to pay rent. Holmes v. Davis, 19 N. Y. 488; Vandevoort v. Gould, 36 N. Y. 639, 645, 647; New Orleans v. Gaines' Adm'r, 131 U. S. 191, 210, 9 Sup. Ct. 745, 751. The second objection to the judgment, founded on the ground of an alleged variance between the proof and the complaint, is not open to consideration by this court, even if it was well made, because it was not raised in any form and was not considered by the trial court.

Seven other errors have been pointed out in the brief filed by the plaintiff in error, which are said to have been committed by the trial court either in admitting incompetent testimony, or in rejecting competent testimony that was offered by the defendant below. We find, however, upon an examination of the record, that two of the alleged errors, which are specified in the brief as Nos. 5 and 6, cannot be noticed, because no exceptions were taken to the alleged erroneous action of the trial court. Another reason might be given for refusing to notice any of the alleged errors, namely, that the testimony which is said to have been erroneously admitted, and the questions which were asked and excluded, are not set out in the assignment of errors, as rule 11 (11 C. C. A. cii.; 47 Fed. vi.) of this court requires. We have, however, examined the several assignments of error to which our attention is especially directed in the brief, with the result that only two of them seem to deserve notice.

During the trial of the case, a witness by the name of Carper, who appears to have been engaged in the real-estate business in the city of Denver, where the property in controversy is located, was called by the plaintiff below, and, after qualifying as an expert, expressed the opinion that the rental value of the premises, during the period between April 3, 1894, and November 17, 1894, was $300 per month. He was cross-examined at considerable length concerning his experience as a real-estate agent, and was required to name the properties that he had had in charge, or that he had been called upon to sell. In the course of such examination he stated, among other things, that he had once been

required to place a value upon a piece of property located on Larimer street, between Fourteenth and Fifteenth streets, in the city of Denver, which was not far from the property in controversy. He was asked, in that connection, by counsel for the defendant below, if he had ascertained what rents were paid for property situated on Larimer street, between Fourteenth and Fifteenth streets, and, replying in the affirmative, was then asked to state what he had ascertained. The trial court, of its own motion, remarked, "We will not go into that." Counsel for the defendant thereupon stated that he desired to show "that the rents ranged from $50 to $100 for property of the size of that occupied by Mr. Schradsky." The court replied, "That is excluded," and to such remark an exception was taken. We think that the action complained of does not constitute a material error. It does not appear that the opinion expressed by the witness Carper in his direct examination, to the effect that the rental value of the property in controversy was $300 per month, was based upon information which he had obtained touching the rent paid for stores located on Larimer street, between Fourteenth and Fifteenth streets. The witness neither stated nor intimated that his opinion of the rental value was predicated on such information, and it is manifest, we think, that it was based on other considerations. The statement of the witness, that he had had occasion to value certain property situated on Larimer street, was not made by him to justify the opinion which he had expressed concerning the rental value of the premises in controversy, but it was made casually, in response to a question asked by the defendant's attorney, requiring him to state in detail the various business properties that had been at various times submitted to him for sale. If the testimony had been admitted, we do not see that it could have reasonably affected the opinion which was expressed by the witness on his direct examination. On the other hand, if the fact which counsel for the defendant sought to elicit from the witness by the aforesaid question was not offered to affect his credibility, but was offered as independent evidence tending to establish the reasonable rental value of the premises in controversy, then the fact in question should have been proven by the persons from whom the information relative to the rent paid for property situated on Larimer street was obtained. The testimony sought to be elicited was clearly objectionable, for the reason that it was hearsay evidence, if it be conceded, as counsel for the defendant now claims, that evidence showing what rent was paid for other property on Larimer street, in the vicinity of the property in controversy, was admissible for the purpose of establishing the fair rental value of the latter property.

The plaintiff below called as a witness another real-estate agent of large experience, who likewise expressed the opinion that the rental value of the premises occupied by the defendant was $300 per month for the period in controversy. On his cross-examination it was shown that the witness had collected rents for about two years for three stores on Larimer street, being stores Nos. 1445, 1449, and 1451. He was then asked by counsel for the de-

fendant, "What was the rent paid during 1894 for those stores in that building that you had charge of?" An objection to this question was sustained, and an exception was saved. Touching this latter ruling it is only necessary to say that the opinion expressed by the witness concerning the reasonable rental value of the premises occupied by the defendant was based on the fact that they were located in a sightly building, at the junction of two streets (Fifteenth and Larimer), on both of which streets there were street-car lines; also, on the further facts that the building fronted on both streets, and was provided with steam heat, and was for these reasons a very eligible business location. No evidence was elicited from the witness, or attempted to be elicited, that the rent that had been charged for stores Nos. 1445, 1449, and 1451, on Larimer street, was a reasonable rental, or that the building in which the stores were located, and the surroundings thereof, were of such character as to render it probable that the rent charged and collected for such stores was a fair criterion by which to determine the reasonable rental value of the premises in controversy. It is a well-known fact that many circumstances may, and often do, affect the rental value of buildings located in large cities, and that it frequently happens that premises of the same size command a different rental, although they are located in the same neighborhood and front on the same street. We think, therefore, that the testimony sought to be elicited from this witness by the aforesaid question was properly excluded. It had no necessary tendency to establish the reasonable rental value of the premises in controversy, and might have been very misleading, unless further evidence was produced, which was not offered, showing that the situation of the respective properties was such that the rent paid for one was a fair rental for the other. Moreover, the testimony was objectionable on the further ground that it had a marked tendency to burden the case with collateral issues; for, beyond all question, if it had been admitted, the plaintiff would have been entitled to show what was the reasonable rental value of the property referred to by the witness, between which and the property in controversy it was proposed to institute a comparison.

In conclusion, we will only add that, considering all the expert testimony which was introduced by both parties, the jury appear to have struck a fair average in assessing the rental value of the property, and we have no doubt that the verdict was right. The judgment of the circuit court is therefore affirmed.