IRON NAT. BANK OF PLATTSBURGH v. DOLGE et al.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

1. VENUE—CHANGE OF PLACE OF TRIAL—FRAUDULENT CONVEYANCES.
    Under Code Civ. Proc. § 982, providing that actions affecting any interest in land shall be tried in the county where the subject of the action is situated, the place of trial of an action to set aside deeds, mortgages, and a general assignment of land, as being in fraud of creditors, should be changed to that wherein the land is situated, when the action has been brought in another county.

2. SAME—AFFIDAVIT OF MERITS.
    In an action to set aside an alleged fraudulent conveyance of land, brought in another county than that wherein the land lies, an affidavit of merits is not essential to secure a change of venue to the county where the land lies, when the answer was verified, and showed that the defendant had a substantial defense to the action.

3. SAME—NOTICE.
    Where notice of a motion for change of venue is served on all parties to the suit, they are all concluded by its decision.

Appeal from special term, Clinton county.

Action by the Iron National Bank of Plattsburgh against Alfred Dolge, Walter N. Kernan, and others. From an order denying a motion for change of venue, defendant Kernan appeals. Reversed, and motion granted.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

W. & N. E. Kernan, for appellant.
Weeds, Smith & Conway, for respondent.

PARKER, P. J. This motion is made upon the sole ground that the action is a local one, and that Herkimer county is the proper

one in which it should be tried. It appears from the complaint that the defendant Alfred Dolge has title to the equity of redemption in a large amount of lands in Dolgeville, Herkimer county, upon which he has executed several mortgages, and which this plaintiff claims are a fraud upon his creditors. It also appears thereby that said Dolge is the owner of certain other lands in Dolgeville, the title to which he has fraudulently placed in the defendant Nathan A. Snell, upon a trust for his own benefit. It further appears that subsequently said Dolge made a general assignment to the defendant Kernan, which this plaintiff avers is fraudulent and void as to itself and other creditors. This action is brought for the purpose, among other things, of setting aside such assignment, and having it declared fraudulent and void as against said Dolge's creditors. It appears from the answer of said Kernan that he has, as such assignee, commenced an action against said Dolge and Snell to have the lands so held by Snell adjudged to be the property of said Dolge. It also further appears in the moving papers that no part of the real estate sought to be affected is in the county of Clinton. By the assignment, the title and equity of redemption in the mortgaged premises, and also Dolge's interest in the other lands held by Snell, passed to the assignee; and a judgment which would vacate such assignment would affect "an estate, title or other interest in them." Therefore, under section 982 of the Code of Civil Procedure, the action is a local one, and the defendant Kernan has the right to have it tried in the county in which such lands are situated. Acker v. Leland, 96 N. Y. 383; Wyatt v. Brooks, 42 Hun, 502.

It is claimed, however, that this motion cannot be sustained, because there is no affidavit of merits with the moving papers. The answer of this defendant is before us, and it is verified. The court is thereby as well assured that he has a substantial defense to the action, as it would be had such an affidavit been made by him. The filing of such an affidavit has for many years been required with much strictness in cases where a change was asked for upon the ground of convenience of witnesses, but it does not seem to have been so strictly demanded when the application has been that the action be tried in the county where the statute requires it to be tried. In the former case the defendant applies to the court for an exercise of its discretion. In the latter case he asks for the enforcement of a right. Sherman v. Gregory, 42 How. Prac. 481, 486. There is no reason apparent why, under such circumstances, a formal affidavit of merits should be made. It is not needed to inform the court of any fact that should be known to it, and I am of the opinion that, under such circumstances, none should be required.

Notice of this motion has been served upon all the defendants, as well as upon the plaintiff, and all are thereby made parties to it. All will therefore be concluded by its decision. The motion should have been granted, and the order denying it should therefore be reversed.

Order reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.