## ADSIT v. KAUFMAN.

(Circuit Court of Appeals, Ninth Circuit.   March 3, 1903.)

No. 866.

1. USE AND OCCUPATION—ADVERSE HOLDING—ASSUMPSIT.

Where defendant was in possession of real estate claiming under a third person adversely to plaintiff, and no relation of contract existed between the parties, plaintiff was not entitled to maintain assumpsit against him for use and occupation.

In Error to the District Court of the United States for the First Division of the District of Alaska.

Alfred Sutro, for plaintiff in error.
Malony & Cobb, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was plaintiff in the court below in an action to recover rent alleged to be due from the defendant for the use and occupation of a certain lot in the town of Juneau, Alaska, from April 1, 1894, to July 1, 1896, by "permission of the plaintiff." The defendant in his answer admitted the alleged ownership of the plaintiff of one-half of the lot at the time of the bringing of the action, but denied any ownership in him during the time of the defendant's occupancy of the premises, and denied that the defendant's occupancy was by permission of the plaintiff, or in any way under him or in recognition of his title, but, on the contrary, alleged that during the period for which rent is claimed by the plaintiff the lot was in the possession of a third person, who claimed adversely to the plaintiff, and from whom the defendant rented. These averments of the defendant were put in issue by the plaintiff.

The evidence showed, without conflict, that in April, 1894, one Malony was in possession of the lot in question, and rented it to the defendant; that at that time the present plaintiff had pending an action in the District Court of Alaska against Malony to recover possession of the premises, in which action he finally prevailed, and in 1897 obtained possession thereof for the first time, under the judgment rendered in that action. The evidence further showed, without conflict, that the occupancy of the defendant was under lease from Malony, and that he at no time got "permission" from the plaintiff to occupy the premises. But it was shown that at some time, not

stated, the plaintiff caused to be served upon the defendant a written notice dated April 23, 1894, to the effect that the plaintiff owned an undivided one-half of the lot, and "requesting" the defendant to pay to the plaintiff one-half of the rent due from him for the use of the premises, and to no one else, unless upon the written order of the plaintiff. Upon the case as thus presented the court below directed a verdict for the defendant, which was accordingly returned, upon which judgment was given for the defendant. The appeal is from that judgment.

The court below was clearly right. "An action in the nature of assumpsit, for the use and occupation of real estate, will never lie where there has been no relation of contract between the parties, and where the possession has been acquired and maintained under a different or adverse title, or where it is tortious and makes a defendant a trespasser." Hill v. United States, 149 U. S. 593, 598, 13 Sup. Ct. 1011, 37 L. Ed. 862; Lloyd v. Hough, 1 How. 153, 159, 11 L. Ed. 83; Carpenter v. United States, 17 Wall. 489, 493, 21 L. Ed. 680; Pico v. Phelan, 77 Cal. 86, 19 Pac. 186; Espy v. Fenton, 5 Or. 423; Dixon v. Ahern (Nev.) 24 Pac. 337; Taylor on Landlord & Tenant, § 31; 1 Wood on Landlord & Tenant, § 1.

The judgment is affirmed.