JOHN H. WOLL v. FRANK VOIGT.[1]

August 14, 1908.

Nos. 15,616—(167).

**Trespass—Estoppel Against Owner.**

The owner, in constructive possession of land at the time of the initiation of trespass, may maintain trespass quare clausum fregit alike for cursory and for prolonged trespasses. A trespasser upon land cannot claim by reason of his unlawful occupation thereof (for less than the

[1] Reported in 117 N. W. 608.

legal limitation period) that the real owner, although he had knowledge of the trespass, is estopped to sue for damages for the wrongful acts committed.

**Same—Damages.**

"Claims for mesne profits are usually consequential to and dependent upon a recovery of the land (in ejectment), yet where the disseisor has surrendered or abandoned the premises before suit, and the rightful owner is in possession, such owner may maintain trespass for the wrongful entry, and have damages for the same in the nature of mesne profits." Blew v. Ritz, 82 Minn. 530, followed and applied.

Action in the district court for Stearns county to recover $800 damages for the wrongful use of certain land between November 1, 1902, and September 1, 1906, and for timber wrongfully cut and removed therefrom during that time. At the trial defendant objected to the introduction of any evidence in support of the complaint and moved for judgment on the pleadings. The court, Taylor, J., sustained the motion and dismissed the action. From an order granting a new trial, defendant appealed. Affirmed.

*William G. White,* for appellant.

*H. S. Locke* and *Donohue & Stephens,* for respondent.

JAGGARD, J.

Plaintiff, in a complaint dated April 17, 1907, alleged that he is and for more than seven years had been, the owner in fee simple and entitled to the possession of a described tract of land; that on or about November 1, 1902, the defendant unlawfully broke and entered said above-described land, and forcibly used, occupied, and farmed said land, and appropriated the crops and hay grown thereon to his own use from November 1, 1902, until September 1, 1906, to the damage of plaintiff in the sum of $400; that between said last-mentioned date the defendant also cut down and carried away the trees and timber of the plaintiff then growing thereon, and converted and disposed of the same to his own use, and otherwise injured said premises, to plaintiff's damage. The complaint sought money judgment in the sum alleged and other relief.

The answer, in addition to denials, set forth that the defendant was the owner in fee, had entered into possession peaceably, had remained in possession for four years, and had made improvement

under color of title. It prayed that he be adjudged the owner of the property, or that he have a lien for the reasonable value of improvements made and taxes paid, and for other relief. The reply denied such new matter.

On trial, defendant objected to the introduction of any evidence in support of the complaint, and moved for judgment on the pleadings. Because of the form of the action, the court dismissed the action. Subsequently it granted a new trial. This appeal was taken from that order.

The defendant's argument, on principle, as we understand it, is that this, an action of trespass quare clausum fregit, did not lie, because it affirmatively appeared from the allegations of the complaint that, when the alleged acts of trespass were committed, the defendant, and not the plaintiff, was in possession. The necessary construction of the complaint and answer, however, is that defendant went into possession November 2, 1902, and remained in possession about four years thereafter. Plaintiff became the owner, and entitled to the possession, according to the complaint, some time in 1900. "The allegation that the plaintiff is seised in fee simple is a sufficient allegation that he has the possession as well as the title." Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725. Accordingly he was in constructive possession at the time of defendant's wrongful entry. Trespass quare clausum fregit undoubtedly lay.

Defendant's argument involves the position that where a trespass has been committed, and the trespasser for some time thereafter "uses, occupies, and farms" the land, this wrongful occupancy avails to make it impossible for the disseised owner to sue in this form of trespass after the premises have been vacated. The statement of this proposition is its refutation. It is elementary that a trespasser's continued occupancy of the premises, when damages complained of were inflicted, neither impairs nor disturbs the owner's right to prevail in trespass quare clausum fregit. Defendant was a trespasser ab initio. It is immaterial, so far as the right of the plaintiff to maintain that action is concerned, whether defendant had possession for four years or for four hours; for there is no pretense in this case that defendant had acquired title by pre-

scription. In a sense every trespasser is in possession of the close he violates. He at least occupies space therein. Trespass quare clausum fregit lies alike for cursory and for prolonged trespasses. "A trespasser upon land cannot claim by reason of his unlawful occupation thereof (for less than the legal limitation period) that the real owner, although with knowledge of the same, is estopped to sue for damages for the wrongful acts committed." Blew v. Ritz, 82 Minn. 530, 85 N. W. 548.

Moon v. Avery, 42 Minn. 405, 44 N. W. 257, is not at all inconsistent with plaintiff's right to prevail. There plaintiff had been the owner of the land in controversy since September 25, 1885. The answer set up that defendant went into possession some three months earlier, on June 10, 1885, and remained in possession until June 5, 1888. "The reply," Collins, J., said, " * * * must be taken as an acknowledgment by the plaintiff that from the day first mentioned to that last named the defendant was in the actual, continuous, and exclusive occupancy and possession of the entire tract of ground. Consequently the plaintiff did not have possession of any part of it, either actual (admitted to have been in another) or constructive, which she could not have had, because of defendant's actual adverse possession."

In Olson v. Minnesota & N. W. R. Co., 89 Minn. 280, 94 N. W. 871, Collins, J., said: "It is well settled that in order to maintain an action of trespass quare clausum by one not holding the legal title to land, and thus in constructive possession, he must show an actual possession in himself at the time the alleged trespass was committed." The case is not in point. Here plaintiff is assumed to have had the legal title to the land. That the Olson case "recognizes and affirms" Moon v. Avery, supra, is in no wise inconsistent with plaintiff's right to prevail.

In Waterbury v. Irion, 71 Conn. 254, 262, 41 Atl. 827, plaintiff was neither in actual nor constructive possession at the time of the alleged trespass. In Galt v. Chicago, 157 Ill. 125, 131, 41 N. W. 643, it was not "pretended that the plaintiff was the owner or in possession of the premises at the time of the original entry. * * *" In Collins v. Beatty, 148 Pa. St. 65, 23 Atl. 982, defendant went into

possession under a parol contract prior to a similar contract to sell to plaintiff.

Plaintiff is presumed to have suffered some damage from the unlawful breach of his close. Injury to the freehold follows from the cutting of timber, whose extent plaintiff was entitled to show by way of enhancement of damages. 3 Sutherland, Dam. (1st Ed.) 375. This showing of damage was abundantly sufficient to sustain the trial court's final order. Moreover, the ruling in Blew v. Ritz, 82 Minn. 530, 85 N. W. 548, on the subject has never been reversed, viz.: "Claims for mesne profits are usually consequential to and dependent upon a recovery of the land (in ejectment), yet where the disseisor has surrendered or abandoned the premises before suit, and the rightful owner is in possession, such owner may maintain trespass for the wrongful entry, and have damages for the same in the nature of mesne profits." And see Schradsky v. Stimson, 76 Fed. 730, 22 C. C. A. 515. No reason for changing it has appeared.

Affirmed.