### WATSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1920.)

No. 5418.

1. USE AND OCCUPATION ⬤⟹1—NOT MAINTAINABLE UNLESS TENANCY EXISTS.

Where the rule has not been changed by statute, an action for use and occupation is not maintainable, unless the relation of landlord and tenant exists.

2. USE AND OCCUPATION ⬤⟹8—PLEA OF PAYMENT RAISES IMPLIED PROMISE TO PAY.

In an action for use and occupation, a plea of payment is sufficient to raise an implied promise to pay as tenant, and establish the relation of landlord and tenant.

3. TRESPASS ⬤⟹40(1)—COMPLAINT CONSTRUED TO STATE CAUSE OF ACTION FOR MESNE PROFITS.

A complaint alleging that defendant went on described tracts of land constituting Indian's allotments, held in trust, and inclosed, used, and occupied them, and appropriated the grass, without the consent of the allottee or the Secretary of the Interior, and without any lease or contract, and without paying anything for the use of the land, stated a cause of action in trespass for mesne profits.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TRESPASS ⬦⟹53—RENTAL VALUE MEASURE OF MESNE PROFITS.
     In an action of trespass for mesne profits the reasonable rental value may measure the damages to be recovered.

5. USE AND OCCUPATION ⬦⟹10—VALUE RECOVERABLE UNDER STATUTE, THOUGH PROPERTY WRONGFULLY HELD.
     Under Rev. Laws Okl. 1910, § 2873, providing for the recovery of the value of the use of land during wrongful occupation, such recovery may be had, where the relief sought is expressly based on the value for use and occupation.

6. INDIANS ⬦⟹27(1)—GOVERNMENT MAY MAINTAIN TRESPASS IN BEHALF OF ALLOTTEES WHOSE LANDS ARE HELD IN TRUST.
     The United States may maintain an action in trespass for mesne profits as to Indian allotments held in trust by the United States on behalf of the allottees.


In Error to the District Court of the United States for the Western District of Oklahoma; Joseph W. Woodrough, Judge.

Action by the United States against Frank Watson. From a judgment for the United States, defendant brings error. Affirmed.

C. S. Macdonald, of Pawhuska, Okl. (T. J. Leahy and Swan C. Burnett, both of Pawhuska, Okl., on the brief), for plaintiff in error.

Frank E. Ransdell, Asst. U. S. Atty., of Oklahoma City, Okl. (John A. Fain, U. S. Atty., of Lawton, Okl., on the brief), for the United States.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.


LEWIS, District Judge. The petition contains thirty-nine causes of action. They are alike. Each seeks to recover the reasonable rental value of pasture lands. The lands described in each count are Osage Indian Allotments held in trust by the United States. Each count contained in substance this allegation: That the defendant went upon said tract of land (describing it) during the aforesaid period of time and enclosed, used and occupied the same and appropriated the grass thereon without the consent of said Indian allottee or the Secretary of the Interior, and without any lease or contract for the use of the same, and without paying anything to the allottee or the Secretary for the use of the land and the grass thereon appropriated.

There was a demurrer, which was overruled, attacking the jurisdiction of the court, the capacity of the plaintiff to maintain the action, and the sufficiency of the facts stated as a basis for any relief. Those questions are brought here by the assignments. The answer is a general denial, statutory bar by limitation of time, and payment in full to the several allottees for the use made of the lands.

There was substantial evidence in support of each count. The defendant below did not offer any evidence. At the close both sides moved for verdict and judgment. The motion of each was sustained in part, but the court directed verdicts and judgment for defendant in error to a total of Eighteen Hundred and Four and $^{16}/100$ Dollars ($1,-804.16).

[1-5] It is argued here that no cause of action is stated because the petition in each count seeks to recover for use and occupation, which is not maintainable where the relation of landlord and tenant does not exist. If we so characterized or limited the purpose of the counts the legal principle contended for would apply, in the absence of statutory change. See Adsit v. Kaufman, 121 Fed. 355, 58 C. C. A. 33 and cases cited; Hennessey v. Hoag, 16 Colo. 460, 27 Pac. 1061, and Lloyd v. Hough, 1 How. 153, 11 L. Ed. 83. But it does not take much to raise the implied promise to pay on the part of the occupant, as a tenant, to create that relation. The plea of payment in the answer is sufficient for that purpose. However, we do not accept the characterization of the counts given by the plaintiff in error. We think they show wrongful entry and unlawful holding of possession, which are the elements of an action of trespass for mesne profits, in which reasonable rental value may measure the damages to be recovered. Schradsky v. Stimson, 76 Fed. 730, 22 C. C. A. 515. Furthermore, the local statute (Rev. Laws Okl. 1910, vol. 1, § 2873) provides for the recovery of the value of the use of real property during occupation wrongfully held, and under such statute recovery may be had where the relief sought is expressly based on the value for use and occupation. Long-Bell Lumber Co. v. Martin, 11 Okl. 192, 66 Pac. 328; Hagerty v. Montana Ore Purchasing Co., 38 Mont. 69, 98 Pac. 643, 25 L. R. A. (N. S.) 356.

[6] The claim that the court was without jurisdiction is not urged here, aside from its being included in the foregoing contention, and also in the want of capacity on the part of the United States to maintain the action. We have no doubt that its relation to the allottees was such as entitled it to bring the action in their behalf. La Motte v. United States, 256 Fed. 5, 167 C. C. A. 277.

Other assignments on overruled objections to evidence have been considered, but are without merit.

Affirmed.