## BALDRIDGE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1920.)

No. 5467.

1. **Trespass ☞46(2)—Action not supported by evidence.**

An action by the owner of land for conversion of the crops by a trespasser *held* not supported by evidence showing that the crops belonged to a tenant and not showing that plaintiff had any lien thereon.

2. **Trespass ☞50—Damages for conversion of grass by trespasser not rental value of land.**

In an action for conversion by a trespasser of grass growing on land the rental value of the land is not the measure of damages, and evidence of such rental value is not admissible.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by the United States against L. L. Baldridge. Judgment for plaintiff, and defendant brings error. Reversed.

T. J. Leahy, C. S. Macdonald, Swan C. Burnette, and F. W. Files, all of Pawhuska, Okl., for plaintiff in error.

Frank E. Ransdell, Asst. U. S. Atty., of Oklahoma City, Okl. (Herbert M. Peck, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. This is an action brought by the United States, in its own behalf and in behalf of Amelia Girard and Mary E. Girard, noncompetent Indians, against plaintiff in error, hereafter called defendant, to recover damages for a trespass committed by defendant upon the allotted land of said Indians during the years 1908, 1909, 1910, and 1911. There were two causes of action pleaded in the complaint. The first related to the trespass upon the homestead and surplus allotment of Amelia Girard; the second, to the trespass upon the homestead and surplus allotment of Mary E. Girard. Each cause of action contained two counts. The trespasses upon the allotments were pleaded in the following language:

"Trespassed in and upon the land above described, and caused and permitted cattle owned by him, the said L. L. Baldridge, to so continuously during said time, trespass in and upon the said land, causing great injury to same, and unlawfully *converted* to the use of him, the said L. L. Baldridge, during said period, the crops, grasses, stalks, cotton, and products grown thereon."

[1] The case was tried by the court; a jury having been waived in writing. The court found for the plaintiff in behalf of Amelia Girard in the sum of $160.50, and in behalf of Mary E. Girard in the sum of $529.50; total, $690. Defendant brings error, and contends that the trial court committed error in refusing to sustain a demurrer to the evidence, for the reason that the evidence was insufficient to establish the cause of action pleaded. The evidence at the trial showed without

dispute that the corn, cotton, and corn stalks were the property of one Voyles, who had rented the allotments in question from the allottees for the year 1911. It is now sought to sustain the recovery for said items, because section 3806, Revised Laws of Oklahoma 1910, provides that any rent due for farming lands shall be a lien on the crop growing or made on the premises, and that such lien may be enforced by action and attachment therein as provided in section 3809 of the same laws. This last section provides that if a tenant intends to remove, or is removing, or has within 30 days removed his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making affidavit, stating the amount of the rent for which such person is liable, etc., attachment shall be issued in the same manner as provided in other actions. Section 3831 of the same laws provides that, notwithstanding an agreement to the contrary, a lien or a contract for a lien transfers no title to the property subject to the lien. There is testimony in the record that Voyles had absconded, but the allottees had never attached the property or taken possession of the same before the trespass was committed, nor did the complaint plead a cause of action for the conversion of property subject to a lien, nor was a lien mentioned therein. The evidence having failed to show that the allottees or the United States had any title to the corn, cotton, or corn stalks, the action pleaded wholly failed, and the defendant was entitled to have his demurrer sustained on this branch of the case.

[2] We now come to the recovery for grass converted. The only evidence introduced by the plaintiff to show the value of the grass converted was evidence tending to show the fair and reasonable rental value of the land upon which the grass was growing. At the time this evidence was offered, counsel for defendant objected to the same, because it was not the proper measure of damage. The objection was overruled, and the evidence admitted. It was clearly error to admit this evidence, and without it there is no evidence in the record of any damage as to the grass.

Counsel for the plaintiff contends that this action is one of trespass for the wrongful use and occupation of the land, and was brought under section 2873 of the Revised Laws of Oklahoma 1910. The section referred to reads as follows:

"Sec. 2873. *Wrongful Occupation.*—The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 2874, 2880, 2881 and 2882, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

Counsel for defendant is mistaken when he says that the action was brought under this section. A simple comparison of the complaint and the law demonstrates that the claim is unfounded. The present action is to recover damages for the conversion of property. The section quoted relates entirely to the wrongful occupation of real property.

Counsel also contends that the case of Frank Watson v. United States (C. C. A.) 263 Fed. 700, a case decided by this court, is authority for the proposition that in the present case the rental value of the land

would be the value of the grass converted. The opinion in the case referred to plainly states that each count of the complaint in that case contained in substance the allegation that the defendant went upon such tract of land during the aforesaid period of time, and inclosed, used, and occupied the same and appropriated the grass thereon without the consent of said allottee Indian or the Secretary of the Interior. The opinion further states that the counts of the complaint showed a wrongful entry and an unlawful holding of possession, which were the elements of an action of trespass for mesne profits in which reasonable rental value may measure the damages to be recovered. The case is no authority whatever for the proposition that in an action for conversion of grass the rental value of the land is the measure of damage. The other cases cited by counsel were all cases for wrongful use and occupation. There is no evidence of damage to the land itself. The demurrer to the evidence should have been sustained.

Judgment reversed, and a new trial ordered.