## David Merrit

*v.*

## The City of St. Paul and Henry J. Horn.

A warrant of attachment issued by a clerk, without allowance by a judge, being (as heretofore decided) void, the parties who procure its issue and its execution by the sheriff are trespassers. Such defect in the warrant is not waived by proceeding to trial on the merits without objection, or by neglecting to make a motion to vacate the same before the time for answering expires. Nor is the fact that the warrant was issued in compliance with a statute a justification, the statute being repugnant to the Constitution.

This action was brought to recover of the defendants the sum of $1,000 and interest. The complaint alleges that the defendant, the City of St. Paul, by its attorney, the defendant Horn, commenced an action in the District Court for Ramsey county against the plaintiff on the 30th June, 1859, for the recovery of $800 and interest, and applied to the clerk of said court, and obtained from him a warrant of attachment against the property of the plaintiff; that said warrant was issued from said court under the seal thereof, and was, in all respects, in due and regular form, and properly authenticated and signed by said clerk, and by the defendant Horn as such attorney, but that no order was ever made by the said court, nor by the judge thereof, authorizing the same ; that such warrant was delivered to the sheriff, who, by virtue thereof, and pursuant to the instructions of fendants, on the 2d July, 1859, seized and took into his possession certain personal property of the plaintiff of the value of $1,000 ; that this plaintiff appeared and defended said action, and recovered judgment therein against said City of St. Paul, and, although nearly'two years have elapsed since the rendition of said judgment, the said property or its value, or any part thereof, has never been restored to this plaintiff by said sheriff or by said defendants. * * * A general demurrer was interposed, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the order overruling the same, the defendants appeal to this court.

I. V. D. HEARD & H. J. HORN, for appellants.

The defendants are sought to be made liable for an alleged defect in a proceeding of attachment against the plaintiff, under which a levy had been made by the sheriff.

The only defect charged, is that the preliminary order or allowance required by statute, was made by the clerk instead

of judge. This was in strict compliance with the statute, and the common practice of the bar under it.

The Supreme Court, however, *since* this attachment issued, has ruled that the statute in this particular was repugnant to the Constitution. See *Morrison v. Lovejoy*, 6 Minn. 183.

It is admitted by the plaintiff that the warrant issued out of *the court ;* that it was in due form of law and properly authenticated; no objection is raised as to the affidavit or bond, but solely to the allowance by the clerk instead of the judge.

It will also be observed that there is no defect of jurisdiction in the court to *issue* this writ, nor is there any constitutional restriction upon the Legislature in authorizing the party to obtain the writ from the clerk. This is a very common practice. Drake on Attachments, Sec. 19.

The objection to the statute under the ruling of the Supreme Court arises upon the *manner* of the allowance of the writ, which, according to said ruling of the Supreme Court, requires judicial action, and therefore disqualifies the clerk from acting. Yet this decision is difficult to reconcile with the decision in *Kipp v. Fullerton*, 4 Minn. 481, in which it is decided that the clerk of the court, upon entering a judgment for want of answer, "*acts on behalf of the court in a judicial capacity*."

The ground of action, therefore, is purely technical, for the parties had a right to the writ of attachment, and did all that the statute required to protect the defendant in the attachment (the present plaintiff,) as making the necessary affidavit, and giving bonds, &c., *and the present plaintiff was not prejudiced.*

That is to say, the plaintiff was in no worse position than he would have been if the writ had been issued on an order of the court.

It is claimed by the defendants, that notwithstanding the defect in the preliminary proceeding before mentioned, that the writ was *as against the plaintiff* (defendant in the at-

vol. xi.—15

tachment,) not absolutely *void*, but only voidable: that is to say, it was not a mere nullity. Because the writ, issuing from a court of competent jurisdiction, and being regular in form, was colorable authority for the attachment or seizure.

The sheriff could justify under such writ, and was no trespasser in executing it, and the present plaintiff would not have been justified in resisting the execution of the writ. This is well settled. Drake on Attachments, Sec. 180; Guyn on Sheriffs, pages 175, 573, 574; *Warner v. Shed*, 10 Johns. 178; *People v. Warner*, 5 Hill, 440; *Bilk v. Broadbent*, 3 Dumf. and East. p. 92 (*p. 183-4); *Clark v. Morton*, 6 Minn. 416.

It was for the plaintiff to say whether he objected to the writ or not, and if he objected, to move the court to vacate it, or set it aside as was done in *Morrison v. Lovejoy*, before cited. He could waive the objection if he thought proper, for it might be a matter of entire indifference to him, (as it seems it really was,) whether the judge or clerk granted it. He could not treat the writ as a *mere nullity*, because he could not have resisted the officer in its execution. See title, " Regular and Irregular Process," Bouvier's Law D. Vol. 2, p. 422, and authorities.

If he is aggrieved he should apply to the court. Ibid.

If he succeeds in quashing the proceedings, he may, in certain cases, have a cause of action against the party and attorney who caused the irregularity, although the officer would be protected. Ibid. But in such case the court, unless there is substantial ground, will impose terms that he shall waive his action of trespass. See title " Irregularity," Bouvier's Law D., Vol. 1, p. 716; 1 Chitty R. 133, note.

Now, in this case, the plaintiff never objected; and, therefore, as far as he is concerned, *has waived the irregularity*. He has been satisfied with the regularity of the proceeding. He proceeded with his defense; went to trial on the merits,

and allowed the cause to be determined without any objection. *It is now too late to object.*

The policy of the statute in this respect, is too obvious to require argument. The statute provides that the defendant, in the attachment, may, "at any time *before the time for answering expires*, apply on motion to vacate the warrant of attachment." Sec. 161, Comp. Digest, p. 553.

The conclusion drawn from the statute is unmistakable, that if the defendant does not move to vacate in the time prescribed, *he waives the objection.*

The plaintiff here has never moved, and independently of the statute, his long delay shows a waiver of and acquiescence in the proceeding.

"After an appearance and trial a defendant can not object to any defect in, or even a want of a levy or attachment bond." *Cruikshunk v. Cogswell*, 26 Ill. 366 ; Bouvier's Law Dic. Vol. 1, p. 716, title "Irregularity."

If the plaintiff had any objection to make to the proceeding, he should have made it promptly. If the writ had been then vacated, the court, or even the attorney, could have caused the sheriff to have promptly restored the money levied upon, or a new attachment might have been issued. It would be monstrous to allow the plaintiff to lie by until perhaps the sheriff, who has the money in his custody, (Tullis,) is insolvent, and the position of the defendants has been materially changed.

We think this would be contrary to all analogies of justice.

It must not be overlooked that this is not a suit for money had and received by the defendants. They never received the money levied on. This the sheriff is accountable for, who still holds it; nor is it an action on the undertaking filed in the case. No such claim is made.

The case too, is to be carefully distinguished from that class of cases in which the officer is a trespasser, and his whole proceeding a nullity. As where the writ is against A, and

the sheriff levies on the property of B, in which case the writ is no justification, however regular the proceedings, but the sheriff and all assisting him are trespassers.

No question arises here also as to the rights of third parties as other attaching creditors, or persons claiming title, &c. *It is simply a question between the plaintiff and defendants in relation to preliminary proceedings in a suit,* in which he might waive, and as we contend, has waived the objection complained of.

Furthermore, it is claimed that parties and attorneys are only held responsible for irregularities in proceedings, where they are *really in fault,* causing damage either by a wrongful or negligent act; as where a party issues an execution on a judgment which has been paid, or upon an insufficient judgment, or where he has neglected to comply with some provision of statute designed for the benefit of the party aggrieved.

It is claimed that a party is not in fault who uses due diligence and conforms to the statute ; that neither the party nor his attorney is responsible for the unconstitutionality of a statute.

The statute is presumptively constitutional until it is declared to be otherwise by the court. And although a party may, at his peril, decide such a question for himself he is not obliged to.

It is not an uncommon practice for inferior courts to decline to entertain a constitutional objection to a statute, but to leave such questions to the Supreme Court to determine; and the latter court is very cautious in deciding against the constitutionality of a law ; in doubtful cases sustaining the law.

It would be very hard to hold an attorney or his client to be liable to laches in a proceeding which it became his professional duty to institute, where he was not in the least to blame. The fault is with the Legislature, not with him.

*If he does not follow the statute, or misconstrues it,* there is ground to hold him responsible for the consequences, (though this is not true generally where he has acted honestly and

skillfully,) but there is no ground whatever in reason or in justice in holding the attorney or his client responsible for the unconstitutionality of an act of the Legislature.

The English authorities upon this point are only applicable to irregularities in practice, or through non-conformity to *a statute :* constitutional questions do not arise, as they have no written constitution.

Lorenzo Allis, for respondent.

1.   The allowance of an attachment, under our statutes, is a judicial act, requiring a decision or determination by the judge of the court.

The issuance of an attachment in this State is not made as a matter of course upon certain things being done, or conditions precedent being complied with, such as the filing of an affidavit stating certain facts, and a bond, &c., as is the case in some States, and as is the case in this State in garnishee proceedings.

In those States where an attachment is issued by the clerk, as a matter of course, upon the filing of the proper affidavit and bond, or other compliance with the conditions precedent of the statute, the mere clerical act of the clerk, in the issuance of the writ, is doubtless, in one sense, a *judicial act ;*— that is, it is the act of the court, as the issuance of any process of court is the act of the *court ;* but it is an act which is done of course and requires the exercise of no legal judgment, determination or discretion, and is, therefore, more properly to be regarded as a *ministerial* than a judicial act of the court.

In this State this clerical or ministerial act is also done ; but *before* it can be done it must have been authorized—there must have been an order *allowing* this clerical act—the issuance of the writ.

In allowing the issuance of the writ, there must be a decision upon the facts presented in the affidavit.   The language of the

statute is, "whenever it shall *appear* by affidavit," &c. Hence, some one must judge or determine when the necessary facts do appear.

Such judgment or determination is a judicial act of the highest character; it is a judicial decision, and hence, the exercise of the highest functions of a judicial tribunal. It is a very different thing from the mere clerical or ministerial act of issuing the process of the court. It is the grave determination whether or not such process shall issue in the premises.

It is, then, perfectly plain, on principle, that such determination, such decision, can not be made by the *clerk* of the court, but only by the judge himself. It is plain that such power of adjudication can not be vested in the clerk by the Legislature, for the simple reason that the organic law has vested it in the judge.

And so this court has decided. *Morrison v. Lovejoy*, 6 Minn. 183 ; Secs. 1 and 4, Article 6, Constitution.

Nor is there any State, it is believed, in which any such power is vested or attempted to be vested in the clerk. In those States where the clerk issues the writ of attachment without a previous order of allowance, it is merely necessary, as has already been stated, that an affidavit should be filed, *stating* certain facts. But in this State, and in several other States, these facts must *appear* by affidavit; that is, there must be an examination of the evidence presented, and a decision thereupon; which, of course, can only be done by an officer competent to pass upon such proofs and make such decision. Such power, it is believed, is no where vested in the clerk of the court but only in the judge thereof.

It is believed that in no State in the Union where the statute requires certain facts to be made to "*appear*" before the writ of attachment can be issued, does the clerk of the court decide upon the sufficiency of the evidence, or determine in the first instance whether or not the writ shall be allowed. But clearly no such power can be vested in him under the

Constitution of this State.  Sections Constitution above cited. Drake on Attachments, Secs. 86, 97—100, and authorities cited.

There was, then, in the case at bar, no allowance of the writ of attachment.  In other words, the issuance of the writ was wholly without authority, and consequently without any legal validity.  It was, therefore, absolutely void, as were also the levy, and all proceedings taken under the writ.  The writ and levy were simple *nullities*.  Irregularities, it is true, may sometimes be waived; but *nullities* never.

2.   The plaintiff having been damaged by the unauthorized, illegal and wrongful acts of the defendants, as appears from the complaint, is entitled to recover of defendants compensation to the extent of the damages he has suffered by such acts.

The order overruling the demurrer should be affirmed.

*By the Court*—Berry, J.—It has heretofore been decided by this court, that a warrant of attachment issued by a clerk, without an allowance thereof by a judge, is unauthorized, and so far as parties situated as these appellants are concerned, void.  *Morrison v. Lovejoy*, 6 Minn. 183 ; *Zimmerman v. Lamb*, 7 Ib. 423 ; *Guerin v. Hunt*, 8 Minn. 487.

It follows that the appellants who instructed the sheriff to make the particular levy complained of, under the warrant in question, acted without authority or justification, and were, therefore, trespassers.  *Kerr v. Mount*, 28 N. Y. 665.  The demurrer was rightly overruled.  It is, however, urged, that by proceeding to trial on the merits without objection to the attachment, the respondent waived the want of the allowance, and that such want was an irregularity which should have been taken advantage of by a seasonable motion to vacate the warrant under Section 161, page 553, Pub. Stat., by which it is provided that "the defendant may also, at any time before the time for answering expires, apply on motion to vacate the warrant of attachment."  The section is inapplicable ; for

here the warrant was void, and there was nothing to be vacated.    It is further said, that the warrant was sued out in strict compliance with the letter of a statute, and though this statute has been determined to be repugnant to the Constitution, yet that neither parties nor attorneys ought to be held responsible for its unconstitutionality.    It is not to be denied that there may be occasional hardships in upholding such responsibility, but to do otherwise would be to allow ignorance of the law (for it can make no difference whether this be constitutional or statutory) to excuse a trespass.    *Kelly v. Bemis*, 4 Gray, 84.

The order overruling the demurrer is affirmed, and the cause remanded.