## JOHN B. SANBORN

### *vs.*

## ORRIN B. STURTEVANT, impleaded, &c.

A person who, previous to the commission of a trespass consents thereto, or requests its commission, is liable as a trespasser.

A., the plaintiff, was the owner in fee and in possession of certain lands. B., one of the defendants, claiming to own the lands, sold to C. and D., the other defendants, the right to cut the trees growing and standing upon the premises. C. and D. thereupon entered upon the premises and cut down and removed the trees. *Held*, that the sale by B. was a consent upon his part to the acts of C. and D. in entering the premises and cutting and removing the

Sanborn v. Sturtevant et al.

trees, and rendered him liable as a co-trespasser; and an agreement executed by B., C., and D. to a stranger, reciting the cutting of the trees by C. and D.; a sale of the same to such stranger; the purchase of the right to cut them on the land by C. and D. from B., and guaranteeing the title of the same to such stranger, is competent evidence in an action of trespass *quare clausum fregit* by the owner of the land against B., C. and D., of the admission by the defendants of the facts stated in the agreement.

The rule, that parol evidence is not admissible to contradict or vary the terms of a valid written instrument, is applicable only in suits between the parties and privies to the instrument.

Where competent evidence is rejected and an exception taken, and the party excepting, afterwards introduces evidence of the same fact, the erroneous ruling is not ground for setting aside the verdict or for a new trial.

Where the plaintiff is in the actual possession of lands under a valid title in fee to the premises, an entry upon the premises without the consent of the plaintiff, whether under a claim or color of title or not, unless under a paramount valid title, is unlawful, and the party entering is a trespasser; and, under such circumstances, a void tax deed, offered for the purpose of showing color or claim of title in the defendant, is not admissible in evidence, especially if no actual entry on the premises is offered to be proved.

In an action of trespass *quare clausum,* &c., against these defendants, the court instructed the jury, among other things, that, if the defendant Sturtevant aided the other defendants to dispose of any timber cut on the plaintiff's land, knowing it to be so cut, by guaranteeing title of the same, it is a strong circumstance, to which the jury should give proper weight in their consideration of the verdict. *Held,* that the charge must be construed in the light of the testimony in the case and the other charges given, and that, in view of the evidence in the case and instructions given, the charge was not erroneous.

After a trial by jury and verdict for the plaintiff at a general term of the district court for Mille Lac county, the defendant Sturtevant moved for a new trial upon a bill of exceptions, and appeals to this court from the order denying such motion. The case is fully stated in the opinion.

CORNELL & BRADLEY, for Appellant.

LAMPREYS, for Respondent.

*By the Court.*—McMillan, J.—This is an action of trespass *quare clausum fregit.*

The complaint avers that, at the time of the alleged trespasses, the plaintiff was the owner in fee, and in the actual and legal possession of the *locus in quo,* consisting of several governmental subdivisions of land, described in the complaint according to the government survey; that the defendants and each of them, acting in concert and aiding and encouraging each other, unlawfully, wrongfully, forcibly and wilfully entered upon the premises, and cut down, broke down, removed, and took and carried away, and converted to his and their own use a large number of pine timber trees, to-wit: more than two million of feet of good pine trees, logs and timber, then and there standing, growing and being thereon, which were the property of the plaintiff, and were of the value of six thousand dollars, to the plaintiff's damage more than seven thousand dollars.

The defendant Sturtevant, answering separately and for himself, admits the plaintiff's ownership of a certain part, (specifically described,) of the premises mentioned in the complaint, and denies the plaintiff's ownership of the remaining portion of said premises; and avers that he, Sturtevant, is the owner in fee of certain portions of the *locus in quo,* particularly described in the answer; that he became such owner of a portion thereof on or about the 24th day of June, 1864, and of a certain other portion thereof on the 22d of August, 1864, and remained such owner of said portions respectively for a long time next thereafter, to-wit: until some time in the fall of 1865, when he agreed to grant and convey by a quit-claim deed all his interest and estate in said lands to the defendants Charles L. Vinal and Finley McDonald, and did subsequently, to-wit: sometime in the spring of 1866, execute and deliver to them a quit-claim deed, as aforesaid agreed, to said premises; and de-

nies that he ever did anything otherwise in or about said premises, or gave to any person or persons any authority or permission to do anything in or about said premises or any portion thereof, save such as is implied by the giving of the said quit-claim deed granting his interest therein; denies the commission by him of the alleged trespasses, and denies each and every allegation in the complaint not specifically denied or admitted.

The defendants, Vinal and McDonald, answering for them-selves, put in issue the plaintiff's ownership and possession of any of the premises described in the complaint, and allege that on the 1st of November, 1865, the defendant Sturtevant was, ever since has been, and still is the owner, seized and possessed of said premises and all of the same; that during the winter of 1865, and while the defendant Sturtevant was so the owner and in possession of said lands and premises, these defendants, by and with the procurement and permission of said Sturtevant, entered upon certain lands particularly de-scribed, (being part of the premises mentioned in the com-plaint,) and cut and hauled therefrom not to exceed four hundred thousand feet, or thereabouts, of pine logs, of the value of one dollar per thousand feet and no more, and that they have long since paid the owner thereof, to-wit: Sturte-vant, the full value thereof; that the defendant, Vinal, has since the winter of 1865–6, and while said Sturtevant so owned and possessed the same, by and with the procurement and permission of said Sturtevant, entered upon other of said lands and cut and hauled therefrom seventy-five thousand feet and no more of pine logs, of the value of one dollar per thousand feet and no more; deny that they or either of them ever en-tered upon the lands described in the complaint, or any part thereof, or cut down or hauled away therefrom any pine tim-

ber or trees whatever, except as above stated, and deny each and every allegation in the complaint except as above stated.

The cause was tried by jury in the court below, the trial resulting in a verdict for the plaintiff, whereupon the defendant Sturtevant moved for a new trial, which was denied, and he alone appealed to this court.

The case comes up on a bill of exceptions. The bill of exceptions contains no reference to the testimony offered by the plaintiff in support of his title to, or his actual possession of the premises. Both the plaintiff's title to, and actual possession of the premises, being denied and being material issues in the action, must, the jury having found generally for the plaintiff, be presumed to have been established by sufficient evidence.

The plaintiff upon the trial offered in evidence a contract attached to the bill of exceptions marked exhibit "A," to which the defendant objected as immaterial, irrelevant and incompetent. The court overruled the objection and the defendant duly excepted.

The instrument offered is a contract executed by the defendants Vinal, McDonald and Sturtevant to Joseph Dean & Co., dated the 29th of May, 1866, and containing certain recitals in substance as follows: that during the logging and lumbering season of 1865, and 1866, Vinal and McDonald cut, sold and delivered to Joseph Dean & Co. a considerable amount of white pine saw logs, which had been growing upon the premises described in the agreement, [the description of the lands being the same as part of the lands described in the complaint] ; that Vinal and McDonald bought the right to cut the said pine saw logs of O. B. Sturtevant, who claims to be the owner of said lands; that said Joseph Dean & Co., trusting to the representations, assurances and promises of guaranty on the part of Vinal, McDonald and Sturtevant, had bought and paid part,

and upon the execution and delivery of the agreement and in consideration of the guaranty, agreed to pay the balance of the purchase money of the said logs; and, in consideration of the premises, Vinal, McDonald and Sturtevant covenant and agree with Joseph Dean & Co., that they will each, jointly and severally, guarantee that the title to the logs is entirely free and clear of and from all claim, lien, title and hostile demand of any and all persons, and that they will warrant and defend the title to the same as perfect and indefeasible, &c.

A person who, previous to the commission of a trespass, consents thereto, or requests its commission, is liable as a trespasser. 1 *Ch. Pl.* 180.

A sale by Sturtevant, (claiming to be the owner of the lands,) of the right to cut the logs, was, at least, a consent upon his part to the acts of the defendants Vinal and McDonald in entering the close and cutting and removing the logs. The very purpose and object of the sale was to enable them to do these acts.

Assuming, as we must, that the plaintiff had offered evidence establishing *prima facie*, at least, his title to and possession of the premises, the acts of Vinal and McDonald in entering upon the premises and cutting and removing the trees, were trespasses, and the assumption of ownership of the lands by Sturtevant, and the sale to Vinal and McDonald, were unlawful, and rendered him liable as a trespasser also. *Wall vs. Osborn,* 12 *Wend.* 39, *and authorities cited.* The agreement having been executed by all the defendants, was competent evidence of their admissions of the facts stated therein, and was properly received by the court.

The instrument having been received in evidence, the defendant offered to show by the defendant Sturtevant the circumstances under which it was made, in order to characterize it and explain the recitals in it, to which the plaintiff objected

as incompetent, and the court sustained the objection, to which the defendants excepted.

If the effect of the evidence embraced in this offer of the defendants was to contradict or vary the terms of a valid written instrument, yet, even that rule is applied only in suits between parties to the instruments and their privies.

The instrument under consideration was made between the defendants and a stranger to this action, the plaintiff not being either a party or privy thereto; it does not, therefore, come within the rule. *Van Eman vs. Stanchfield*, 10 *Minn.* 255, *and authorities cited.* The exclusion of the testimony offered was, therefore, erroneous. But at a subsequent stage of the case the evidence of Sturtevant and several other witnesses for the defence, as to the circumstances under which the agreement referred to was made, was received without objection. The error was therefore cured.

Where competent evidence is rejected and exception taken, and the party excepting afterwards introduces evidence of the same fact, the erroneous ruling is not ground for setting aside the verdict or for a new trial. *Coit vs. Waples et al.*, 1 *Minn.*, 134; *Lynd vs. Picket*, 7 *Id.* 184; *Irvine vs. Marshall*, 7 *Id.*, 286; *Weide vs. Davidson*, 15 *Id.*, 327.

The defendants offered in evidence two tax deeds, dated respectively June 24th 1864, and August 22d, 1864, from the county auditor of Benton county to the defendant Sturtevant, conveying a portion of the land described in the complaint, namely that portion thereof described in the answers of the defendants respectively. To the admission of these deeds the plaintiff objected on grounds stated in the bill of exceptions, the objections were overruled and the deeds were received in evidence.

"In rebuttal the plaintiff introduced evidence showing that said tax deeds were, and each of the same was absolutely void

and invalid for any purpose ; whereupon the said deeds and the consideration thereof were by said court withdrawn from the jury, and thereupon the defendant offered said tax deeds in evidence, for the purpose of showing the color and claim of title to said lands under which the defendant Sturtevant acted when he sold to Vinal and McDonald." This was objected to by plaintiff as immaterial and incompetent. The court sustained the objection and defendant excepted.

To the exclusion of the tax deeds as evidence    title, on the ground of invalidity of the deeds, no exception appears to have been taken, and no objection on that ground is urged here, and the ruling was doubtless correct. Nor do we think the deeds were admissible for the purpose stated of showing color and claim of title to said lands in Sturtevant, under which he acted in the sale to Vinal and McDonald, under the circumstances appearing in this case.

It must be assumed, under the state of the pleadings and bill of exceptions that the plaintiff was in the actual possession of the premises under a valid title.

In this state of facts, even an entry upon the premises (which in this instance was not offered to be shown) without the consent of the plaintiff, whether under a claim or color of title or not, unless under a paramount valid title, must be unlawful, and the party entering must be a trespasser. The tax deeds, therefore, were immaterial for the purpose for which they were offered, and were properly excluded by the court. The same principle applies to the quit-claim deed from Sturtevant to Vinal and McDonald, and renders its exclusion proper. And to the admission of the latter deed there is also the further objection that it was not executed until after the commission of the trespasses complained of.

The instruction of the court, excepted to by the defendant, " that there is no evidence in this cause showing or tending to

show any title in defendants or either of them, at any time, to any of the land described in the complaint," was true in fact and correct in law, and, in view of the rule first stated by us, was strictly proper in any view of or connection with the facts.

The second instruction excepted to by the defendant was: "That, if the jury find that the timber cut upon the plaintiff's land was the result of the assistance, aid and counsel of the defendant Sturtevant, they must find he is a co-trespasser with the other defendants, and liable in damages to the plaintiff; or if he made representations and did acts which tended to cause such trespass, and which he might reasonably suppose would tend to such a result." This instruction is fully sustained by the views we have already expressed in considering the admissibility of the agreement between the defendants and Dean & Co., and the authorities there referred to.

The third instruction excepted to is as follows: "That, if the jury find that defendant Sturtevant aided the defendants Vinal and McDonald to dispose of any of the timber cut on plaintiff's land, knowing it to be so cut, by guaranteeing title of the same, it is a strong circumstance which the jury should give proper weight to in their consideration of the verdict."

This instruction must be considered in the light of the testimony in the case and the other charges given. The court in this instruction does not tell the jury that the mere fact of aiding the other defendants to dispose of the logs, by guaranteeing title to the same, would render the defendant liable in this action; but the reasonable construction of the charge is, that this fact is a circumstance to which the jury may give weight in connection with other circumstances in the case in determining the liability of Sturtevant; and in view of the fact that the agreement of guaranty and indemnity to Dean & ., recited the fact of the sale by Sturtevant to Vinal and

McDonald of the right to cut the logs upon the land, and Sturtevant's claim of ownership of the premises, the instruction was clearly proper.

We see no error in the proceedings in the court below.

The order appealed from is affirmed.