DANIEL G. PARKER v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.

May 7, 1900.

Nos. 12,017—(49).

Pleading—Meaning of Word "Owner."

The word "owner" includes any person who has usufruct, control, or occupation of real estate, whether his interest in it is an absolute fee, or an estate for years under a lease. A tenant for a term of years is an owner of the property, within the general or popular meaning of the word, and he may properly allege himself to be the owner in a complaint in an action of ejectment brought against his landlord.

Action in the district court for Freeborn county for the recovery of real estate. The case was tried before Kingsley, J., who directed a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Albert E. Clarke,* for appellant.

*H. H. Dunn,* for respondent.

COLLINS, J.[1]

It was perfectly proper in this action in ejectment for the plaintiff to allege in his complaint that he was the owner of the real property in question. The word "owner" includes any person who has usufruct, control, or occupation of real estate, whether his interest in it is an absolute fee, or an estate for years under a lease. 17 Am. & Eng. Enc. 299, and citations. The plaintiff was a tenant for a term of years, and this term had not expired when the defendant wrongfully dispossessed him, according to the allegations in the complaint. There was no inconsistency between the allegations as to ownership in the pleading, just mentioned, and the reply, wherein plaintiff admitted that he was defendant's tenant, as alleged in the answer. Nor was there any variance. The action was brought to recover possession of real property, and, to maintain it, a possessory title was all that was needed. The court below ruled correctly, and the case of Merrill v. Dearing, 47 Minn. 137, 49 N. W. 693, relied on by counsel for defendant, is not at all in point.

Order affirmed.

[1] LOVELY, J., having been of counsel, took no part.