Raymond L. COLE, et al., Appellants,

v.

Elmer C. PAULSON, et al.,
**Respondents.**

No. C9–85–1179.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Kay Nord Hunt, Minneapolis, for appellants.

Charles F. Angel, Rochester, for respondents.

Heard, considered and decided by LANSING, P.J., SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Appellants Raymond and Nancy Cole sued respondents Elmer and Alice Paulson for breach of contract for the sale of a parcel of land. The jury found in the Paulsons' favor.

The trial court denied appellants' motion for JNOV and entered judgment for the Paulsons.

This appeal is from the judgment and the order denying JNOV. Respondents seek review of the trial court's denial of their summary judgment motion.

## FACTS

In 1966, Coles were interested in purchasing Paulsons' dairy farm. In September of 1966, the parties executed an agreement entitled "Lease Agreement with Option to Purchase." This format was used rather than a contract for deed to avoid activating a due on sale clause in the Paulsons' Farm Home Administration (FmHA) mortgage.

Problems arose after Coles took possession of the property. In 1969, the Coles commenced action for rescission of the contract and return of all amounts paid by them which exceeded the fair rental value of the property during their possession. The complaint was later amended to request specific performance of the 1966 agreement.

The trial court in that action found that the Coles had exercised the option and were entitled to a contract for deed from the Paulsons. Although the trial court made findings of fact and conclusions of law, judgment was never entered. However, the parties negotiated a new agreement based on the court's findings.

The second agreement, executed in September 1970, is the one at issue in this case. This agreement was also entitled "Lease Agreement with Option to Purchase." Again, this format was chosen to avoid the due on sale clause of Paulsons' FmHA mortgage. The agreement contains many provisions common to farm leases. It also included an option and a formula for computing the price if the option is exercised. The agreement authorizes the Paulsons to cancel the lease, subject to a notice requirement. The notice provision states that a party shall not forfeit any rights under the agreement unless he remains in default 30 days after receiving notice of default.

Problems between the parties continued. Coles were consistently late with payments. Paulsons served several notices of default. Finally, in December of 1974, Paulsons notified Coles that the lease was "terminated and cancelled effective immediately." The notice specified several areas of default. Coles were given 30 days to vacate.

Paulsons then filed an unlawful detainer action in county court. Coles, in their answer, alleged that no written notice of default had been served on them as required by the lease.

The trial court entered judgment for the Paulsons. The court specifically found that the lease required a 30-day notice of default and that such notice was served. This decision was affirmed by a three-judge panel of the district court.

The Coles finally vacated the premises in the spring of 1976. After regaining possession of the property, Paulsons sold it to their son, Lyle Paulson. Lyle Paulson in turn sold all but 90 acres to third parties.

The Coles instituted this action for damages and for declaratory and equitable relief. They sought damages for Paulsons' failure to convey the property to them. Additionally, they requested transfer to them of the 90 acres still held by Lyle

Paulson. They also joined Lyle Paulson as a defendant, alleging a conspiracy among the Paulson family to deprive Coles of their interest in the property.

The jury found, by special verdict, that the agreement was not a contract to purchase real estate and that Paulsons did not breach the agreement by evicting the Coles. The trial court found that since the equitable claims were based on the theory of a sale, the jury verdict made the claims moot. Judgment was entered for Paulsons.

Coles moved for JNOV or for a new trial. Coles also requested that the trial court reform the 1970 agreement to reflect that it was an agreement to purchase real estate. These motions were denied.

### ISSUES

1. Was the parties' agreement a lease with an option to purchase or a contract for deed?

2. Did the trial court err by refusing to reform the agreement?

3. Was the trial court's admission of notices of default and prior unlawful detainer complaints an abuse of discretion?

4. Is the trial court's denial of respondents' motion for summary judgment a proper subject of review?

### ANALYSIS

1. The parties' agreement was a lease and not a contract for sale.

Both parties agree that the form of agreement used was chosen to avoid activating a due on sale clause in the Paulsons' FmHA mortgage. However, there was conflicting evidence on the issue of the intent and meaning of the agreement.

The answer to a special verdict question should be set aside only if it is perverse and palpably contrary to the evidence. *Fallin v. Maplewood-North St. Paul District No. 622,* 362 N.W.2d 318, 322 (Minn. 1985).

A jury verdict will be overturned only if no reasonable mind could find as did the jury. The evidence must be viewed in the light most favorable to the verdict. *Id.* at 322–23 (citations omitted).

■ The record as a whole, viewed most favorably to the verdict, supports the jury's finding. The jury could have viewed the Paulsons' evidence as the more credible. There is no basis for overturning the jury's finding on this question.

■ Appellants' argument that Paulsons breached the agreement by evicting them is based on the premise that the agreement is a contract for sale rather than a lease and therefore must be terminated in accord with Minn.Stat. § 559.21 (1974). This argument is without merit because the jury found that the agreement was not a contract for sale.

Appellants argue that the notice did not comply with the agreement. This issue was raised in the unlawful detainer action. The county court found that adequate notice had been given.

■ The doctrine of collateral estoppel precludes a party from relitigating an issue previously determined in a suit between the same parties or their privies. *See Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn. 1978). The issue must have been actually litigated and necessary to the outcome of the prior action. *Id.*

■ The collateral estoppel effect of an unlawful detainer action is limited. It is a summary proceeding designed to determine right to possession. It does not serve as a bar to subsequent actions as to title or other equitable defenses. *Pushor v. Dale,* 242 Minn. 564, 568–69, 66 N.W.2d 11, 14 (1954) (citations omitted). Nonetheless, our supreme court has also stated:

A judgment of restitution is conclusive not only of the right of possession but the facts upon which such right rested.

*Ferch v. Hiller,* 210 Minn. 3, 7, 297 N.W. 102, 104 (1941). *Accord Wurdemann v. Hjelm,* 257 Minn. 450, 464, 102 N.W.2d 811, 820 (1960).

■ The question of adequacy of notice was essential to the determination of right

of possession in the unlawful detainer action. The court specifically found that adequate notice had been given. Appellants are collaterally estopped from again raising the issue.

2. Appellants' argument that the trial court should have reformed the agreement to reflect a contract for sale rather than a lease with option is untenable in view of the jury's finding.

■ Reformation is appropriate only if it is shown by clear and convincing evidence that 1) there was a valid agreement between the parties expressing their real intentions; 2) the written instrument failed to express those intentions; and 3) the failure was due to mutual mistake, or a unilateral mistake accompanied by fraud or inequitable conduct of the other party. *Nichols v. Shelard National Bank*, 294 N.W.2d 730, 734 (Minn.1980) (citations omitted).

This is not an appropriate case for reformation. The record does not clearly reflect the existence of the above-listed factors.

3. Appellants challenge the admission into evidence of several notices of default and prior unlawful detainer actions. Appellants argue that this evidence is irrelevant and that its probative value is substantially outweighed by its prejudicial effect. *See* Minn.R.Evid. 401, 403.

■ Evidentiary rulings are committed to the discretion of the trial court and will be reversed only where there has been an abuse of discretion. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn. 1983) (citations omitted).

■ There was no abuse of discretion here. The evidence was relevant to the parties' understanding of the agreement as shown by their subsequent conduct. *See Kastner v. Dalton Development, Inc.*, 265 Minn. 511, 122 N.W.2d 183 (1963). The probative value is not *substantially* outweighed by the prejudicial effect.

■ 4. A denial of a motion for summary judgment is not an appealable order under either Minn.R.Civ.App.P. 103.03 or 106. Rule 106 provides in part as follows:

A respondent may obtain review of a judgment or order entered in the same action *which may adversely affect him* by filing notice of review with the clerk of the appellate courts.

Minn.R.Civ.App.P. 106 (emphasis added).

The jury decided the case in respondents' favor, they were not adversely affected by the order.

## DECISION

The decision of the trial court is affirmed in all respects.