**William T. BURGMEIER,
et al., Appellants,**

v.

**Gary BJUR, Respondent.**

No. CX–94–2252.

Court of Appeals of Minnesota.

June 20, 1995.

Lawrence H. Crosby, Crosby & Associates, St. Paul, for appellant.

Paul A. Nelson, Kraft, Walser, Nelson, Hetting, & Honsy, P.L.L.P., Olivia, for respondent.

Considered and Decided by HARTEN, P.J., and RANDALL and HOLTAN,* JJ.

## OPINION

RANDALL, Judge.

### FACTS

The Burgmeiers sued Gary Bjur for trespass. Bjur moved for summary judgment,

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

which the district court granted. The Burgmeiers appeal.

Issues related to this case have come before this court twice before. The facts giving rise to this action are fully discussed in *Burgmeier v. Farm Credit Bank of St. Paul*, 499 N.W.2d 43, 50 (Minn.App.1993), *pet. for rev. denied* (Minn. July 15, 1993). William and Rita Burgmeier gave a note and mortgage to Farm Credit Bank in 1979. In October 1985, the Burgmeiers defaulted on the note. In 1986, Farm Credit Bank notified the Burgmeiers of the default. The Burgmeiers obtained a credit review hearing under the Farm Credit Act. *See* 12 U.S.C. § 2202(a) (1988). An appeals officer adopted the credit review committee's determination that foreclosure not be delayed, and Farm Credit Bank commenced nonjudicial foreclosure proceedings in November 1987.

The foreclosure sale, originally scheduled for February 1, 1988 was delayed because Farm Credit Bank informed the Burgmeiers that the note was "distressed." Under the Farm Credit Act, after the lender considers a loan to be distressed, the borrower has 45 days to submit an application for restructuring. 12 U.S.C. 2202a(b) (1988). A trial court invalidated the sale resulting from this foreclosure sale because of Farm Credit Bank's failure to give adequate notice to a party in possession.

Farm Credit Bank commenced nonjudicial foreclosure proceedings a second time in December 1989. Farm Credit Bank did not provide the required notification that a note was distressed under 12 U.S.C. § 2202(a) (1988). Farm Credit Bank bought the farm at the foreclosure sale.

The Burgmeiers brought suit to enjoin further foreclosure proceedings and to void the foreclosure sale. The trial court decided the matter against the Burgmeiers, and they appealed to this court. During the pendency of the appeal, Farm Credit Bank sold the farm to Gary Bjur subject to any rights the Burgmeiers might have.

The Burgmeiers leased the farm from Farm Credit Bank after foreclosure. After the term of the lease expired, the Burgmeiers refused to leave the farm. Bjur initiated an unlawful detainer action and prevailed at the district court. This court affirmed the unlawful detainer court on appeal. *Bjur v. Burgmeier*, No. C2–92–409, 1992 WL 196336 (Minn.App. Aug. 18, 1992). No discretionary review of this decision was asked for and thus it is the law of the case.

On a later appeal from the foreclosure sale, this court voided the foreclosure sale because Farm Credit Bank had not provided notice under 12 U.S.C. § 2202(a). *Burgmeier v. Farm Credit Bank of St. Paul*, 499 N.W.2d at 50.

The Burgmeiers then initiated an unlawful detainer action against Bjur. It did not go to court because Bjur voluntarily left the farm and surrendered possession to the Burgmeiers. The Burgmeiers then instituted this action which we now review wherein they sued Bjur for damages in trespass. Bjur moved for summary judgement, arguing that the Burgmeiers were precluded by collateral estoppel from bringing a suit for trespass. He argued that because he successfully ejected the Burgmeiers in his unlawful detainer action, with the court's authorization, that at least the issue of trespass was conclusively decided. The district court granted summary judgment in favor of Bjur on the collateral estoppel issue and the Burgmeiers appealed.

## ISSUES

Did the district court err in concluding that the Burgmeiers were precluded by collateral estoppel from asserting an action for trespass against Bjur?

## ANALYSIS

On an appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *See State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there are no genuine issues of material fact and that either party is entitled to a judgment as a matter of law. *Fabio v. Bellomo*,

504 N.W.2d 758, 761 (Minn.1993). The reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Id.*

A reviewing court is not bound by and need not give deference to the district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984). Court rulings on mixed questions of law and fact are not binding on an appellate court and are subject to independent review. *Meyering v. Wessels,* 383 N.W.2d 670, 672 (Minn.1986).

The district court granted summary judgment in favor of Bjur, holding that the Burgmeiers' action was barred by collateral estoppel. We agree. Whether collateral estoppel is available is a mixed question of law and fact subject to de novo review. *In re Trusts Created by Hormel,* 504 N.W.2d 505, 509 (Minn.App.1993), *pet. for rev. denied* (Minn. Oct. 19, 1993).

The doctrine of collateral estoppel precludes a party from relitigating an issue previously determined in a suit between the same parties or their privies. *Cole v. Paulson,* 380 N.W.2d 215, 218 (Minn.App.1986). To be precluded by collateral estoppel, the issue must have been actually litigated and necessary to the outcome of the prior action. *Id.* We acknowledge that the collateral estoppel effect of an unlawful detainer action is somewhat limited, and it does not serve as a bar, for instance, to subsequent actions as to title. *Id.* (citing *Pushor v. Dale,* 242 Minn. 564, 568–69, 66 N.W.2d 11, 14 (1954)). However, any facts determined in the unlawful detainer action would be conclusive. *Id.*

Because the Burgmeiers ultimately were successful on appeal over Bjur as to legal title, they may have certain damage claims against Bjur. But trespass is not one of them. The Burgmeiers assert that Bjur ultimately did not have good title, and that Bjur committed trespass. We disagree. Initially Bjur obtained colorable title and the limited warranty deed from Farm Credit Bank. Then Bjur prevailed in an unlawful detainer action against the Burgmeiers on the issue of rightful possession and that unlawful detain-

er victory by Bjur was upheld by this court on appeal.

Later on, this court determined that Farm Credit Bank improperly foreclosed on the Burgmeiers' property. *See Burgmeier v. Farm Credit Bank of St. Paul,* 499 N.W.2d at 50. This court then voided the foreclosure sale at which Farm Credit Bank obtained colorable title. *Id.* Therefore, Bjur's title was ultimately voided as well because his title would only be as good as Farm Credit Bank's. *Cf. Blew v. Ritz,* 82 Minn. 530, 533, 85 N.W. 548, 549 (1901).

But the issue of who ultimately had clear title is not the same as whether Bjur was a trespasser when he was in possession. *Cf. Berg v. Wiley,* 264 N.W.2d 145, 149 (Minn. 1978); *Martin v. Smith,* 214 Minn. 9, 11–14, 7 N.W.2d 481, 482–83 (1942); *Mercil v. Broulette,* 66 Minn. 416, 418, 69 N.W. 218, 219 (1896).

Here, Bjur had colorable title to the farm through a limited warranty deed. Most importantly, when the Burgmeiers refused to move, Bjur obtained rightful possession through a valid unlawful detainer action. Bjur did not trespass. Bjur's rightful possession was determined in the unlawful detainer action, thus precluding the Burgmeiers by collateral estoppel from relitigating the issue. *See Cole,* 380 N.W.2d at 218 (stating facts determined in the unlawful detainer action are conclusive).

At the time Bjur entered and possessed, he was aided not just by presumptive color of title, not just by a limited warranty deed, but further; Bjur entered with the unlawful detainer court's authorization. While the unlawful detainer court does not decide title, it does decide present possession as a matter of law. Here, not only was the unlawful detainer court's action not frivolous, it was upheld on appeal.

In their complaint, the Burgmeiers allege that

William and Rita and Patrick Burgmeier were harmed by the *illegitimate unlawful detainer action* brought by defendant Gary Bjur.

This allegation is incorrect. This allegation is misleading. But what this allegation does

is focus on why the trial court was correct in granting summary judgment against the Burgmeiers. In this allegation the Burgmeiers attack the Minnesota court system by labeling the unlawful detainer action "illegitimate." Rather, we find the obvious, Bjur's unlawful detainer action was legitimate and was lawful. The fact that Farm Credit's foreclosure was ultimately proved to be defective does not convert Bjur's unlawful detainer action into an illegitimate court decision.

■ The Burgmeiers' claim for damages from Bjur are for the value of mesne profits. Mesne profits are a sum recovered for value or benefit which a person in *wrongful* possession has derived from the *wrongful* occupation of land between the time the land was acquired and when the occupation ended. *Martin,* 214 Minn. at 13, 7 N.W.2d at 483 (citations omitted). Bjur was never in *wrongful* possession. Rather, he had a legitimate right to present possession. When his legal title was ultimately proved defective, he voluntarily left the land and surrendered possession.

If, after receiving the limited warranty deed from Farm Credit, Bjur had evicted the Burgmeiers by force without going through court on an unlawful detainer action, Bjur's ultimate failure of title might have led to an issue of trespass. If, after the foreclosure sale (and Bjur's title) was ultimately set aside on appeal, Bjur refused to leave the farm and instead continued to collect rent or sow crops, there again we might have an issue of trespass. But those are not our facts. Bjur never acted outside the law. He proceeded to possession under authority of a State of Minnesota unlawful detainer court order which was upheld on appeal. (We note that even if the unlawful detainer action had been reversed on appeal, no issue of trespass would arise. A trial court's reversal on further review does not equate to participation in an illegitimate or unlawful court action.)

The Burgmeiers' dissatisfaction at having lost preliminary skirmishes in this protracted legal battle, even though they ultimately prevailed, is no different from any of the other countless claimants who ultimately prevail on appeal, but lost at the trial court level. For instance, a defendant motorist who at the trial court level is on the losing end of a jury's verdict for a plaintiff, does not automatically have a lawsuit against the plaintiff for "abuse of process" if the defendant motorist ultimately prevails on final review by the Minnesota Supreme Court. After ultimately prevailing on appeal, litigants are not allowed collaterally to go back and claim all lower court actions were somehow a sham or illegal and then seek compensation from all those who participated in the case. Essentially, the Burgmeiers' present complaint for trespass centers on a theory that since they ultimately prevailed on the question of legal title, the unlawful detainer court "illegitimately" granted possession to Bjur, and thus Bjur is now liable for trespass damages. The District Court correctly analyzed the Burgmeiers' theory of the case and dismissed their action.

## DECISION

The district court correctly applied the law in determining that collateral estoppel prevented the Burgmeiers from bringing a trespass action against Bjur.

**Affirmed.**

HARVEY A. HOLTAN, Judge (dissenting).

I respectfully dissent. Even though Bjur entered under a writ from the unlawful detainer court, he did so at the risk the court would ultimately find his title invalid. Because Bjur interfered with the Burgmeiers' beneficial rights to use their property, they now have a claim in trespass to recover mesne profits.

The district court and the majority invoke collateral estoppel arising out of the unlawful detainer action. This application is misplaced as the issues determined in an unlawful detainer action and in a trespass action are not the same. *See Cole v. Paulson,* 380 N.W.2d 215, 218 (Minn.App.1986). An unlawful detainer action merely determines who has the better right to possession of the property; it does not determine who has the underlying ownership interest in the property. *Id.* The unlawful detainer action did not

and could not decide rights of ownership to benefits arising from the use of the property. The unlawful detainer action does not determine whether the possessor under a writ is obligated to pay for his use of the property to ownership interests.

Ownership interests in property—fee simple, life estates, etc.—bring with them beneficial rights accruing through seizin of the property. Roger A. Cunningham, et al., *The Law of Property*, § 2.1 (1984) ("Ownership of a present estate in land also carries with it very substantial privileges of use and enjoyment."); *accord Parker v. Minneapolis & St. L. R.R.*, 79 Minn. 372, 373, 82 N.W. 673, 673 (1900). Trespass is the proper action when a party interferes with those beneficial rights. Ordinarily, ejectment was the appropriate action to obtain possession and mesne profits. Where possession was voluntarily relinquished, as here, trespass is still the appropriate action to recover mesne profits. *Woll v. Voigt*, 105 Minn. 371, 375, 117 N.W. 608, 609 (1908); *Blew v. Ritz*, 82 Minn. 530, 532, 85 N.W. 548, 549 (1901).

The majority assumes that the possessor under a writ is not a trespasser and therefore does not owe anyone for his use of the property. The majority seems to perceive a trespass action as an intent specific action. Even a mistaken entry to the property of another, however, is a trespass. Roger A. Cunningham, et al., *The Law of Property*, § 7.1 (1984) ("Any knowing entry upon the possessor's land is wrongful: it is a trespass. * * * Even an unknowing non-permissive and unprivileged entry is wrongful if it is negligent"). An entry by virtue of a writ of restitution is irrelevant. It is immaterial whether the entry is intentional, unintentional, or under a mistake of fact. Any wrongful entry may be a trespass. *Id.*

The Farm Credit Bank foreclosure action was void ab initio. Its limited warranty deed to Bjur was therefore void ab initio and conveyed at most color of title. Under these circumstances, jus postliminii, the freehold possession continued in the Burgmeiers. *See Caughie v. Brown*, 88 Minn. 469, 474, 93 N.W. 656, 657 (1903) (stating defendant committed trespass when entered land under quit claim deed from grantor with no interest in land); *Blew*, 82 Minn. at 533, 85 N.W. at 549 (stating grantee may not defend arguing color of title for entering another's property); *Rauma v. Bailey*, 80 Minn. 336, 337, 83 N.W. 191, 191 (1900) (holding writ of attachment void because unlawful detainer action void); *Merrit v. City of St. Paul*, 11 Minn. 223, 231–232, 11 Gil. 145, 152 (1866) (holding writ of attachment void because process issuing writ unconstitutional).

Bjur was a trespasser, albeit an unintentioned one. He dispossessed the Burgmeiers of their property, and because he entered under mere color of title, and not good title, he was a trespasser. *See Caughie*, 88 Minn. at 474, 93 N.W. at 657; *Blew*, 82 Minn. at 533, 85 N.W. at 549; *Rauma*, 80 Minn. at 337, 83 N.W. at 191; *Merrit*, 11 Minn. at 231–232, 11 Gil. at 152. The deed and the writ of restitution were immaterial and were not admissible as a defense to the trespass action. *See Sanborn v. Sturtevant*, 17 Minn. 200, 207, 17 Gil. 174, 181 (1871) (holding void tax deeds inadmissible to show color of title because color of title no defense to trespass). An action in trespass was therefore appropriate.

I would reverse and remand for determination of mesne profits due the plaintiffs.