*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1013**

Federal Home Loan Mortgage Corporation,
Respondent,

vs.

Renee C. Kinzer,
Appellant,

John Doe, et al.,
Defendants.

**Filed January 12, 2015
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-2379

David Mortensen, Greta Bjerkness, Wilford Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

Renee C. Kinzer, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Kirk, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

In this eviction appeal, appellant argues that the district court erred by granting summary judgment to respondent because genuine issues of material fact exist. We affirm.

## FACTS

Appellant Renee C. Kinzer and her husband purchased the Minneapolis real property that is the subject of this case in 1981. Kinzer and her husband divorced in 2004, but they continued to own the property as joint tenants. On March 26, 2004, Kinzer's ex-husband granted a mortgage to ABN AMRO Mortgage Group, Inc. in the amount of $144,000 on his behalf and as the attorney-in-fact for Kinzer. The mortgage was registered in Hennepin County. Kinzer and her ex-husband later defaulted under the terms of the mortgage, and ABN AMRO Mortgage Group, Inc., which had changed its name to CitiMortgage, Inc., commenced foreclosure proceedings. On June 13, 2011, the Hennepin County Sheriff held a foreclosure sale of the property, and CitiMortgage purchased it. The sheriff's certificate was registered in Hennepin County. Neither Kinzer nor her ex-husband redeemed the property, and Kinzer continued to occupy the property after the redemption period expired.

In September 2011, CitiMortgage petitioned the Hennepin County Examiner of Titles for a new certificate of title in its name. Kinzer responded, arguing that the mortgage and mortgage foreclosure were fraudulent.

2

In January 2012, CitiMortgage conveyed its interest in the property to respondent Federal Home Loan Mortgage Corporation (Freddie Mac) by quit-claim deed; the transfer was registered in Hennepin County.

Freddie Mac filed an eviction complaint against Kinzer in March 2012. Kinzer filed an ex parte motion for a temporary restraining order, and the district court granted Kinzer's motion and stayed the eviction action for 60 days. The district court ordered Kinzer to commence a civil action naming the appropriate parties, and stated that if she did not do so, Freddie Mac could submit an affidavit and proposed order to lift the stay.

In accordance with the district court order, Kinzer filed a complaint against CitiMortgage and Freddie Mac, among others. She argued that the power-of-attorney form that her ex-husband used to execute the mortgage was forged, and requested that the district court declare the deed, power-of-attorney form, mortgage, and sheriff's certificate null and void. She further requested a permanent stay of the eviction action. The district court held a hearing in the eviction action and issued an order finding that the "case [was] currently stayed per order," and providing that the "case shall be closed administratively. Once stay lifted, plaintiff may make motion to reinstate case."

In September 2013, the parties participated in mediation; Kinzer was represented by counsel. The parties reached a settlement agreement requiring Freddie Mac and CitiMortgage to pay $18,000 to Kinzer to settle the claim. Kinzer agreed to vacate the property by April 30, 2014.

The following month, Kinzer's attorney filed notice that he was withdrawing as her counsel. Kinzer moved the district court to refer the case back to mediation, and

3

Freddie Mac and CitiMortgage moved to enforce the mediated settlement agreement. Following a hearing, the district court denied Kinzer's motion and granted Freddie Mac and CitiMortgage's motions, concluding that the mediated settlement agreement was valid and enforceable, and dismissed the complaint with prejudice.

Shortly afterward, Freddie Mac and CitiMortgage moved for relief under Minn. R. Civ. P. 60.02, requesting that the district court order Kinzer to sign documents necessary to process the settlement, as she refused to do so. On March 17, 2014, the district court denied the motion, determining that a rule 60.02 motion was inappropriate. The district court encouraged Freddie Mac and CitiMortgage "to consider other possible ways to carry out the settlement agreement without the need for Ms. Kinzer to sign a W-9 form."

In May, Freddie Mac filed a second eviction complaint against Kinzer alleging that "all right, title, and interest in" the property was vested in Freddie Mac, but Kinzer continued to occupy the property without its permission. Kinzer moved to dismiss the complaint or for summary judgment, arguing that Freddie Mac failed to comply with the following court orders: (1) the June 18, 2012, order "ordering this case to evict [her] to be stayed"; and (2) the March 17, 2014 order denying Freddie Mac and CitiMortgage's "motion for relief for an order to evict" her. She also argued that Freddie Mac's claims were barred by res judicata because "[a]ll of the claims asserted in the complaint were resolved in a previous case." Freddie Mac moved for summary judgment.

Following a hearing, the district court granted Freddie Mac's motion for summary judgment, denied Kinzer's motion to dismiss and for summary judgment, and entered

judgment for Freddie Mac.  The district court issued a writ of recovery, but later stayed the writ pending the outcome of this appeal.

## D E C I S I O N

Kinzer argues that the district court erred by granting summary judgment to Freddie Mac in this eviction action because genuine issues of material fact exist.  A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."  Minn. R. Civ. P. 56.03.  On appeal from an award of summary judgment, an appellate court reviews de novo whether there is a genuine issue of material fact and whether the district court erred when it applied the law.  *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002).  This court must "view the evidence in the light most favorable to the party against whom summary judgment was granted."  *Id.* at 76-77.  We will affirm the award of summary judgment if it can be sustained on any ground.  *Winkler v. Magnuson*, 539 N.W.2d 821, 828 (Minn. App. 1995), *review denied* (Minn. Feb. 13, 1996).

The purchaser of the sheriff's certificate at a foreclosure sale acquires a type of vested ownership interest in the property that is subject only to "the limited redemption rights of the foreclosed owner."  *Harbal v. Fed. Land Bank of St. Paul*, 449 N.W.2d 442, 447 (Minn. App. 1989), *review denied* (Minn. Feb. 21, 1990).  Under Minn. Stat. § 580.12 (2014), "When any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a

5

certificate" and, after the certificate has been recorded and the redemption period has expired, it "shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein." *See also id.* at 446 (stating that as soon as the redemption period ends, the property is conveyed to the sheriff's certificate holder). Further, "[e]very sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale." Minn. Stat. § 580.19 (2014).

"The person entitled to the premises may recover possession by eviction when . . . any person holds over real property . . . after the expiration of the time for redemption on foreclosure of a mortgage . . . ." Minn. Stat. § 504B.285, subd. 1(a)(1) (2014). An eviction is "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2014). An eviction action is limited to the question of who has a greater right to present possession of a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). Other related claims are not litigated, unless they "fit within the limited scope of an eviction proceeding." *Id.*

To prevail in this eviction action, Freddie Mac must show that the mortgage on the property was foreclosed, that the time for redemption expired, that it is entitled to possession of the property, and that Kinzer held over the property. *See* Minn. Stat. § 504B.285, subd. 1(a)(1). Kinzer does not dispute that the mortgage was foreclosed, she did not redeem the property, and that she has continued to possess the property after the

6

redemption period expired. She also does not dispute that CitiMortgage purchased the property at the sheriff's sale and registered a copy of the sheriff's certificate, and later conveyed its interest in the property to Freddie Mac, which was also registered. The sheriff's certificate of sale is prima facie evidence that a foreclosure occurred, that a sheriff's sale was held, and that CitiMortgage was the successful bidder at that sale. CitiMortgage conveyed its interest in the property to Freddie Mac, and Freddie Mac is therefore entitled to possession of the property. *See* Minn. Stat. §§ 580.12, .19. Kinzer did not present any evidence to rebut this evidence.

Instead, Kinzer argues that Freddie Mac did not have standing to bring the eviction action. "Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). A plaintiff must have standing before a court can exercise its jurisdiction. *Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn. 1989). A plaintiff may acquire standing by: (1) suffering an injury-in-fact; or (2) being the beneficiary of a legislative act that grants standing. *Enright*, 735 N.W.2d at 329. Whether a party has standing is a question of law that appellate courts review de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012). Here, Freddie Mac had standing to bring the eviction action because it had a right to possess the property when Kinzer held it over after the redemption period expired.

Although Kinzer frames her argument as a standing issue, her argument is more accurately framed as a challenge to Freddie Mac's legal capacity to bring an eviction action. *See Cochrane v. Tudor Oaks Condo. Project*, 529 N.W.2d 429, 433 (Minn. App.

7

1995) ("[S]tanding . . . concerns a party's right to bring a particular action [and] capacity to sue concerns a party's right to maintain any action."). But Freddie Mac had the legal capacity to bring the eviction action because it is the holder of the sheriff's certificate, which is "prima facie evidence of title in fee." *See* Minn. Stat. § 580.19. Because Freddie Mac is entitled to possession of the property and Kinzer remains in possession of the property, Freddie Mac could bring an eviction action to recover possession. *See* Minn. Stat. § 504B.001, subd. 4.

The root of Kinzer's argument on appeal is her assertion that the mortgage was fraudulently obtained by her ex-husband. While we are troubled by her allegations, that issue is not before us in this eviction action, where the only issue is possession. *See Deutsche Bank*, 841 N.W.2d at 164. Kinzer brought a separate action in the district court asserting the power-of-attorney form her ex-husband used to execute the mortgage was forged, and she and Freddie Mac settled that matter before this eviction action was commenced. It would have been helpful for the district court in this matter to review the settlement agreement before reaching its decision, but the district court explained in its order granting summary judgment that it did not review the agreement because Kinzer objected to it doing so under Minn. R. Gen. Pract. 114.08. Thus, the details of the settlement agreements are not part of the record before us.

Kinzer next argues that collateral estoppel and res judicata preclude entry of summary judgment. She contends that this is the third eviction action filed by Freddie Mac, and the same claims were already decided in two previous eviction actions. In

8

response, Freddie Mac argues that the elements of res judicata and collateral estoppel were not met in this case.

"The doctrine of collateral estoppel precludes a party from relitigating an issue previously determined in a suit between the same parties or their privies." *Burgmeier v. Bjur*, 533 N.W.2d 67, 70 (Minn. App. 1995), *review denied* (Minn. Sept. 20, 1995). For the doctrine to apply, "the issue must have been actually litigated and necessary to the outcome of the prior action." *Id.* This court has recognized "that the collateral estoppel effect of an unlawful detainer action is somewhat limited, and it does not serve as a bar, for instance, to subsequent actions as to title." *Id.* Similarly, res judicata bars a subsequent claim when the following prongs are met: "(1) the earlier claim involved the same claim for relief; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001).

There have only been two eviction actions involving these parties. Freddie Mac filed the first eviction complaint against Kinzer in March 2012, and the district court stayed the eviction action for 60 days to allow Kinzer to commence a civil action against Freddie Mac. After Kinzer filed a complaint against Freddie Mac and others, the district court closed the eviction case administratively, stating that the "plaintiff may make motion to reinstate case." Freddie Mac never moved to reinstate the case, and instead chose to file a second eviction complaint against Kinzer in May 2014, which is the case currently before this court. The only issue in this eviction action is that of possession, and that issue was not actually litigated or decided in the first eviction action. *See*

*Joseph*, 636 N.W.2d at 327; *Burgmeier*, 533 N.W.2d at 70. And even if it had been, the collateral estoppel effect of an eviction judgment is limited. *Burgmeier*, 533 N.W.2d at 70. The elements of collateral estoppel and res judicata have not been met in this case and, therefore, summary judgment was not precluded by res judicata or collateral estoppel.

Kinzer further argues that the district court should not have considered Freddie Mac's summary judgment motion because it was not timely. She contends that Freddie Mac failed to file the motion at least 10 days before the hearing, as required by Minn. R. Civ. P. 56.03. Rule 56.03 provides that "in no event shall [a] motion [for summary judgment] be served less than ten days before the time fixed for the hearing."

Kinzer raised this argument before the district court at the motion hearing, requesting that the district court dismiss the summary judgment motion because it was untimely. She argued that she received Freddie Mac's motion for summary judgment only one business day before the hearing and she did not have time to prepare a response. Counsel for Freddie Mac responded that she e-filed the motion 10 days prior to the hearing, and Kinzer's copy of the motion was sent to her by mail on that date. The district court denied Kinzer's motion, finding that Freddie Mac's motion for summary judgment was timely under Minn. R. Gen. Pract. 610. The district court also noted that Kinzer received oral notice of the motion at the previous hearing and Freddie Mac's filing of the written motion was more of a courtesy than a requirement.

We find no error in the district court's reasoning. Minn. R. Gen. Pract. 610, which specifically applies to cases in housing court, expressly provides that "[a]ny motion

10

otherwise allowed by Minnesota Rules of Civil Procedure may be made by any party orally or in writing at any time including the day of trial." Therefore, Freddie Mac's motion was timely filed under rule 610 when it was filed 10 days prior to the hearing but not received by Kinzer until one business day prior to the hearing.

Accordingly, because there are no genuine issues of material fact, the district court did not err by granting summary judgment to Freddie Mac.

**Affirmed.**

11